[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16074
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 31, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-01492-CV-T-17-TGW,
BKCY No. 94-AP-554-KRM

In Re:  T. CARLTON RICHARDSON,

                                                                    Debtor.

_____

T. CARLTON RICHARDSON,

                                                                    Plaintiff-Appellant,

versus

RON PETERSON, as Trustee of the
Jacqueline N. Overton Trust,

                                                                    Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 31, 2009)

Before BIRCH, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Carlton Richardson appeals pro se orders of the district court that denied Richardson's motion to reconsider and affirmed the ruling of the bankruptcy court that the debt arising from a judgment against Richardson in favor of a claim by Ron Peterson was nondischargeable. We issued a jurisdictional question to address whether Richardson timely had appealed two orders of the bankruptcy court denying Richardson's motions to reconsider and whether either motion "tolled the appeal period." We vacate and remand.

On May 18, 2007, the bankruptcy court ruled that a judgment Peterson had obtained against Richardson in a Florida court was nondischargeable. On May 30, 2007, Richardson moved to reconsider, but on June 7, 2007, the bankruptcy court struck the motion as untimely. On June 18, 2007, Richardson again moved to reconsider and alleged that his earlier motion was timely. Richardson argued that the limitation period was enlarged by three days because he was served with notice of the decision of May 18 by mail. See Fed. R. Bankr. P. 9006(f). On June 26, 2007, the bankruptcy court denied Richardson's second motion and explained that Rule 9006(f) did not extend the time to file a notice of appeal.

After Richardson filed a notice of appeal in the district court, Peterson

2

moved to strike the notice as untimely. The bankruptcy court denied Peterson's motion. The bankruptcy court ruled that, although Richardson had failed timely to appeal the judgment of May 18, Richardson timely had appealed the denial of his two motions to reconsider.

Peterson next moved in the district court to dismiss Richardson's appeal, but the district court also denied the motion. The district court found that Richardson failed timely to appeal the judgment of May 18 or the denial of his first motion to reconsider, but Richardson timely had appealed the denial of his second motion to reconsider. The district court ruled that it would review the denial of Richardson's first motion "[d]espite [his] untimely appeal" because that motion was "intimate[ly] connect[ed] with" the second motion.

On August 8, 2007, the district court affirmed the judgment of the bankruptcy court that Richardson's debt was nondischargeable and addressed the merits of that decision. The district court did not mention whether the bankruptcy court erred when it denied the motions to reconsider filed by Richardson. Richardson moved for reconsideration, which the district court denied.

This appeal presents two jurisdictional problems. First, the district court addressed a ruling that the court lacked jurisdiction to review. Second, the district court failed to address two other rulings over which it had jurisdiction and was

3

obliged to address.

The district court lacked jurisdiction to reach the merits of the decision of the bankruptcy court of May 18. Richardson failed timely to appeal that decision. Although Richardson argues that he was entitled to extend the time to appeal due to excusable neglect, he failed to move for an extension "before the time for filing a notice of appeal ha[d] expired[.]" Fed. R. Bankr. P. 8002(c)(2). Richardson also argues that he was entitled to three additional days to challenge the May 18 judgment, but "'[b]y its terms, Rule 9006(f) applies when a time period begins to run after service [of a notice or other paper]. The ten day period of Rule 8002(a) begins to run upon the entry of the order, not its service.'" Williams, 216 F.3d at 1297 n.3 (quoting Arbuckle v. First Nat'l Bank of Oxford, 988 F.2d 29, 31 (5th Cir. 1993)).

The district court had jurisdiction to review the orders of the bankruptcy court on June 7 and June 26 that denied Richardson's motions to reconsider, but failed to review those orders. Richardson timely appealed the denial of those motions and stated in his notice of appeal that he sought review of only those rulings. Because the district court lacked jurisdiction to review the judgment of the bankruptcy court of May 18, we **VACATE** the order that affirmed that judgment and **REMAND** for the district court to address the orders of the bankruptcy court

4

on June 7 and June 26 that denied Richardson's motions to reconsider.

**VACATED** and **REMANDED**.