[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11695
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 7, 2011
JOHN LEY
CLERK

D.C. Docket Nos. 8:07-cv-01492-EAK, 8:94-ap-00554-KRM

T. CARLTON RICHARDSON,

                                        Plaintiff - Appellant,


versus


RON PETERSON,
as Trustee of the Jacqueline N.
Overton Trust,

                                        Defendant - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 7, 2011)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal is the second time that we have reviewed the denial of Theodore Richardson's motions to reconsider a ruling of the bankruptcy court. Richardson moved twice for the bankruptcy court to reconsider its ruling that the debt arising from a judgment against Richardson and in favor of Ron Peterson was nondischargeable. The bankruptcy court denied the motions to reconsider in two separate orders, but the district court failed to review those orders. This Court reversed and remanded for the district court to "address the orders of the bankruptcy court . . . that denied Richardson's motions to reconsider," Richardson v. Peterson, No. 08-16074 (11th Cir. July 31, 2009), after which the district court affirmed those orders. We affirm.

Richardson argues that his right to due process was violated in three ways, but his arguments fail. First, Richardson argues that he should have received an evidentiary hearing after his case was remanded to the district court, but the district court permitted Richardson to file a supplemental brief in which he raised numerous arguments and to which he attached several exhibits. See Mathews v. Eldridge, 424 U.S. 319, 349, 96 S. Ct. 893, 909 (1976) (rights of due process are satisfied when the litigant receives notice and an opportunity to be heard). Second, Richardson argues that his first motion for reconsideration should not have been struck summarily, but his motion was untimely and Richardson was not

2

entitled to a hearing to examine that determination.  See Cano v. Baker, 435 F.3d 1337, 1343 (11th Cir. 2006).  Third, Richardson complains about the rules mandating that his time to appeal ran from the entry of the order denying his first motion, see Fed. R. Bankr. P. 8002(a), instead of the service of that order, see id. 9022(a), but Richardson had actual notice of and an opportunity to appeal the denial of his first motion.  Nineteen days after the denial of his first motion, Richardson filed a second motion in which he timely requested a "20 [day] extension to file notice of appeal . . . pursuant to [Rule] 8002(c)," but he failed to provide an excuse for failing to timely appeal, id. 8002(c).

Richardson challenges on two grounds the denial of his motions to reconsider, but these arguments also fail.  First, Richardson argues that he was entitled to an additional three days within which to appeal the denial of his first motion because he was served the order by mail, but "[t]he ten day period of Rule 8002(a) begins to run upon the entry of the order, not its service."  In re Williams, 216 F.3d 1295, 1297 n.3 (11th Cir. 2000) (quoting In re Arbuckle, 988 F.2d 29, 31 (5th Cir. 1993)).  Second, Richardson argues that the bankruptcy court erred in finding that he failed to make a showing of excusable neglect in his second motion, but Richardson did not even mention excusable neglect in his second motion.  See id. 8002(c)(2); Williams, 216 F.3d at 1297.

We **AFFIRM** the judgment of the district court.