[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12775
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 4, 2010
JOHN LEY
CLERK

D. C. Docket No. 07-00290-CV-OC-10-GRJ

ISRAEL SANTIAGO-LUGO,

Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN - USP-1,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 4, 2010)

Before EDMONDSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Israel Santiago-Lugo, a federal prisoner proceeding pro se, appeals the denial of his Fed.R.Civ.P. 60(b) motion for relief from the dismissal of his 28 U.S.C. § 2241 petition. No reversible error has been shown; we affirm.

In his section 2241 petition, Santiago-Lugo claimed he actually was innocent of his continuing criminal enterprise conviction, 21 U.S.C. § 848, based on Richardson v. United States, 119 S.Ct. 1707 (1999). The district court dismissed this petition with prejudice. Santiago-Lugo then moved the district court pursuant to Rule 60(b) to set aside the dismissal of the section 2241 petition and to order an evidentiary hearing on the petition. He cited the Supreme Court's intervening decisions in United States v. Santos, 128 S.Ct. 2020 (2008), and Regalado Cuellar v. United States, 128 S.Ct. 1994 (2008), as bases for invalidating his convictions. He also indicated that the district court had not applied the correct standard of review to the Richardson claim raised in his section 2241 petition. The court summarily denied the motion.

On appeal, Santiago-Lugo argues that the district court abused its discretion in denying him Rule 60(b) relief because -- based on Richardson, Santos, and Regalado Cuellar -- he presented a claim of actual and legal innocence that

justified the reopening of his section 2241 proceeding.[*] We review the denial of Rule 60(b) motion for an abuse of discretion only; and we will not review the validity of the underlying judgment.  Rice v. Ford Motor Co., 88 F.3d 914, 918-19 (11th Cir. 1996).

Rule 60(b) permits a party to move for relief from a final judgment under certain specific circumstances, such as surprise, excusable neglect, newly discovered evidence, and fraud by an opposing party.  See Fed.R.Civ.P. 60(b)(1)-(6).  The catchall provision -- Rule 60(b)(6) -- authorizes relief for "any other reason that justifies relief."  "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief.  Even then, whether to grant the requested relief is a matter for the district court's sound discretion." Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006) (quotation and alteration marks omitted).

To succeed on appeal, Santiago-Lugo "must demonstrate a justification so compelling that the district court was required to vacate its order." Id. (quotation and alteration marks omitted).  Santiago-Lugo has demonstrated no such compelling justification.  He relies only on changes in the law to justify Rule 60(b)

---

[*] In the district court, Santiago-Lugo also filed a motion for leave to amend his section 2241 petition along with his Rule 60(b) motion.  But on appeal, he does not challenge the district court's denial of leave to amend; and thus, he has abandoned any challenge to this denial.  See Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

3

relief; and "something more than a 'mere' change in the law is necessary to provide the grounds for Rule 60(b)(6) relief." <u>Ritter v. Smith</u>, 811 F.2d 1398, 1401 (11th Cir. 1987) (explaining that the movant must persuade the court that a combination of factors, including the change in law, gives rise to circumstances that are sufficiently extraordinary to warrant relief).

Because Santiago-Lugo argues only that the <u>Santos</u> and <u>Regalado Cuellar</u> decisions provide new grounds for overturning his convictions -- and points to no additional factors that warrant relief -- he has presented insufficient reasons to justify Rule 60(b) relief. Because the district court correctly denied the Rule 60(b) motion, the original denial of his section 2241 petition remained intact; and so, the district court committed no error in denying Santiago-Lugo's motion for an evidentiary hearing on the section 2241 petition.

AFFIRMED.