[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12883
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 24, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-80764-CV-DTKH

CURTIS SHERROD,

Plaintiff-Appellant,

versus

PALM BEACH COUNTY SCHOOL DISTRICT,
ARTHUR JOHNSON, Dr.,
FRAN GIBLIN,
CHRISTINE HALL, Dr.,
JEANNE BURDSALL, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 24, 2007)**

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

In this appeal, we consider whether the district court abused its discretion in denying a plaintiff's post-trial motions, which sought relief from the district court's order granting judgment as a matter of law for the defendant. For the reasons set forth more fully below, we affirm.

Curtis Sherrod, a former school teacher with the Palm Beach County School District (the District), proceeded to trial against the District on his claim that he suffered retaliation for exercising his First Amendment right to free speech, in violation of 42 U.S.C. § 1983. After the jury returned a verdict in favor of Sherrod, the district court granted the District's motion for judgment as a matter of law, finding that Sherrod failed to establish that the School Board, the final policymaker for the District, was liable under § 1983. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Sherrod moved to set aside the order or, alternatively, for reconsideration. The district court summarily denied Sherrod's motion, and Sherrod sought relief under Fed.R.Civ.P. 60(b)(6) and moved for a new trial and to alter the judgment, pursuant to Fed.R.Civ.P. 59. The district court summarily denied these motions as well.

Both Sherrod, proceeding pro se on appeal, and the District argue the merits of the district court's order granting judgment as a matter of law. However, we

previously dismissed this appeal, in part, for lack of jurisdiction because Sherrod's notice of appeal was untimely to appeal the district court's final judgment and the denial of his motion to set aside the order granting the motion for judgment as a matter of law, or, alternatively, for reconsideration. We allowed this appeal to proceed with respect to the order denying Sherrod's Rule 59 and Rule 60(b) motions. Thus, only this order is properly before us. However, we liberally construe Sherrod's pro se appellate briefs as a challenge to this order. See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

We review the denial of Rule 59(e) and Rule 60(b) motions and motions for a new trial for abuse of discretion. Willard v. Fairfield S. Co., Inc., 472 F.3d 817, 821 (11th Cir. 2006) (Rule 60(b)); Lambert v. Fulton County, Ga., 253 F.3d 588, 595, 598 (11th Cir. 2001) (new trial and Rule 59(e)). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous. A district court may also abuse its discretion by applying the law in an unreasonable or incorrect manner." Klay v. Humana, Inc., 382 F.3d 1241, 1251 (11th Cir. 2004). "A district court by definition abuses its discretion in relying on an erroneous interpretation of applicable law." Jackson v. Crosby, 437 F.3d 1290, 1295 (11th Cir.), cert. denied, 127 S.Ct. 240 (2006). A district court also abuses its discretion

3

by making a clear error of judgment. Amlong & Amlong, P.A. v, Denny's, Inc., 457 F.3d 1180, 1188 (11th Cir. 2006).

A district court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States . . . ." Fed.R.Civ.P. 59(a). "[G]ranting motions for new trial touches on the trial court's traditional equity power to prevent injustice and the trial judge's duty to guard the integrity and fairness of the proceedings before him . . . ." Christopher v. Florida, 449 F.3d 1360, 1366 n.4 (11th Cir. 2006). "The only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact." In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999). Rule 59(e) may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc., v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).

"A 'significantly higher' standard is generally used to decide whether a movant is entitled to relief under Rule 60(b)." Vanderberg v. Donaldson, 259 F.3d 1321, 1326 (11th Cir. 2001). "An appeal of a ruling on a Rule 60(b) motion, however, is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review. Because of this limitation, the law is clear that Rule 60(b) may not be used to challenge

4

mistakes of law which could have been raised on direct appeal." Am. Bankers Ins.

Co. of Florida v. Nw. Nat'l Ins. Co., 198 F.3d 1332, 1338 (11th Cir. 1999)

(citations omitted). Rule 60(b)(6)[1] motions

> must demonstrate that the circumstances are sufficiently extraordinary
> to warrant relief. Even then, whether to grant the requested relief is . .
> . a matter for the district court's sound discretion. The appellant's
> burden on appeal is heavy. [I]t is not enough that a grant of the [Rule
> 60(b) motion] might have been permissible or warranted; rather, the
> decision to deny the motion . . . must have been sufficiently
> unwarranted as to amount to an abuse of discretion.

Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir.), cert. denied, 127 S.Ct. 387 (2006)

(citations and quotation marks omitted) (alterations and omissions in original).

Moreover, the movant "must demonstrate a justification so compelling that the

[district] court was required to vacate its order." Id. (alteration in original).

Upon review of the record and consideration of the parties' briefs, we do not

discern an abuse of discretion in the district court's denial of Sherrod's motions.

Sherrod's arguments in these motions relating to the School Board's liability under

Monell were raised previously in his initial motion to reconsider. See Michael

Linet, 408 F.3d at 763 (holding that Rule 59(e) may not be used "to relitigate old

matters"). Moreover, these arguments are ones that should have been raised in a

timely direct appeal of the order. See Am. Bankers, 198 F.3d at 1338 ("[T]he law

---

[1] Subsection six authorizes relief for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6).

5

is clear that Rule 60(b) may not be used to challenge mistakes of law which could have been raised on direct appeal."). In addition, after reviewing the evidence presented at trial and the district court's analysis of the School Board's liability under Monell in its order granting judgment as a matter of law, we have not found either a manifest error warranting relief under Rule 59(e), Kellogg, 197 F.3d at 1119; see also Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997) (recognizing that this rule "enables the court to correct its own errors and thus avoid unnecessary appellate procedures.") (emphasis added), or any extraordinary circumstances making the denial of Rule 60(b)(6) relief unwarranted, Cano, 435 F.3d at 1342. We likewise hold that the district court did not abuse its discretion in failing to grant a new trial on these grounds.

Sherrod also argues that the district court erred in dismissing individual defendants named in his fourth amended complaint, a claim he raised only in his Rule 59 motion. Sherrod has failed to establish that the district court abused its discretion in denying to grant a new trial or reconsider the dismissal of these defendants. We note that naming these parties as defendants in their official capacities would have no effect on the District's liability under Monell in this case. See Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) ("Because suits against a municipal officer sued in his official capacity and direct suits against

6

municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly (provided, of course, that the public entity receives notice and an opportunity to respond).").

In light of the foregoing, the district court's order denying Sherrod's Rule 59 and Rule 60(b) motions is

**AFFIRMED.**