[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 7, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13747
Non-Argument Calendar

_____

D. C. Docket No. 07-80217-CV-DTKH

CURTIS SHERROD,

Plaintiff-Appellant,

versus

THE SCHOOL BOARD OF PALM BEACH COUNTY,
TOM LYNCH,
DR. ARTHUR JOHNSON,
FRAN GIBLIN,
ESTHER BULGER, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 7, 2008)

Before DUBINA, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Curtis Sherrod, proceeding pro se, appeals the dismissal, on res judicata grounds, of his 42 U.S.C. § 1983 civil rights action against the School Board of Palm Beach County ("the Board"), several individuals involved in the events leading to his termination from employment as a high school teacher in Palm Beach County, and the Board's attorneys in a prior § 1983 civil rights suit Sherrod instituted against the Board. On appeal, Sherrod argues that his prior federal lawsuit does not preclude his current § 1983 suit because the facts underlying the instant action arose after he filed his original complaint in the prior suit.[1] After careful review, we affirm in part and vacate and remand in part.

We review de novo the district court's application of res judicata. See E.E.O.C. v. Pemco Aeroplex, Inc., 383 F.3d 1280, 1285 (11th Cir. 2004). Res judicata, or claim preclusion, bars a party from relitigating a cause of action that was, or could have been, raised in a previous suit between the parties that resulted in a final judgment on the merits. In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001). A party seeking to invoke res judicata must satisfy four elements: "(1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases

_____

[1]  Sherrod also argues the district court erred by finding that the individual defendants to the instant action were parties to, or in privity with parties to, his earlier federal lawsuit. We find no clear error in the district court's privity findings. Cf. E.E.O.C. v. Pemco Aeroplex, Inc. 383 F.3d 1280, 1285 (11th Cir. 2004) (reviewing district court's finding of privity for clear error).

2

must involve the same parties or their privies; and (4) both cases must involve the same causes of action." Id. If the party satisfies these requirements, the district court must determine whether the new claims could have been raised in the prior suit, and if so, the claims are barred by res judicata. Id. The preclusion of claims that "could have been brought" does not include claims that arose after the original complaint was filed in the prior action, unless the plaintiff actually asserted the claim in an amended pleading, but res judicata does not bar the claim simply because the plaintiff elected not to amend his complaint. Pleming v. Universal-Rundle Corp., 142 F.3d 1354, 1357 (11th Cir. 1998). This is true even if the plaintiff discussed the facts supporting the subsequent claim in support of his claims in the prior case. Id. at 1358-59.

Here, the district court's res judicata dismissal was based on Sherrod's previous § 1983 civil rights action against the same defendants, or their privies ("Sherrod I"). In Sherrod I, in a third amended complaint filed on October 24, 2003, Sherrod asserted a § 1983 action against the Board, alleging equal protection and free speech violations based on retaliation. Sherrod later filed a fourth amended complaint against the Board, and added the individual defendants named in the present action, alleging that, in retaliation for speaking out against the exploitation of African-American athletes and the defendants' failure to infuse

3

African and African-American history into its world history curriculum, the defendants had violated Sherrod's free speech, due process, and equal protection rights by repeatedly transferring him, giving him negative evaluations, and ultimately terminating him.

In Sherrod I, the district court dismissed the individual defendants, as untimely added, and sua sponte struck the equal protection and due process claims, as they exceeded the scope of the authorized amendment to the third amended complaint. Additionally, the court found that although the fourth amended complaint sufficiently alleged that the individuals involved in his transfers and teaching assignments had final authority over those areas, the complaint did not allege that there was a practice or custom of transferring employees on the basis of race or in retaliation for exercising his constitutional rights. Accordingly, the court granted the defendants partial summary judgment on the "practice or custom" theory. The jury returned a verdict in favor of Sherrod on the remaining, free-speech claim, but the district court entered judgment as a matter of law for the Board, and denied Sherrod's motions for a new trial, pursuant to Fed. R. Civ. P. 59(a), and relief from the court's order granting judgment as a matter of law, pursuant to Fed. R. Civ. P. 60. This Court dismissed Sherrod's appeal of the district court's order granting judgment as a matter of law, because the appeal was

4

untimely filed, and affirmed the district court's denial of Sherrod's motion for relief under Rules 59(a) and 60.

On March 8, 2007, Sherrod filed the instant suit alleging various violations of his equal protection, free speech, and due process rights. The district court found that all of Sherrod's claims were barred by res judicata because they were or could have been presented in Sherrod I had Sherrod timely sought to include them in that action.

The preclusion of claims that "could have been brought" does not include claims that arose after the original complaint was filed in the prior action, unless the plaintiff actually asserted the claim in an amended pleading. Pleming, 142 at 1357. Because the following claims arose after Sherrod filed his third amended complaint on October 24, 2003 in Sherrod I,[2] and thus could not have been brought in that action, the district court erred by dismissing them: (1) in Count I, Sherrod's claim against defendant St. John, compare CM/ECF for the U.S. Dist. Ct. for the S.D. Fla., no. 9:02-cv-80764, Doc. Entry 100 at 33 (stating that Sherrod's child, Surya, was in the fifth grade at the time the fourth amended complaint was filed), with R1-5 at 25-27 (stating that St. John taught Surya in the seventh grade)); (2) in

---

[2]Although, in his untimely fourth amended complaint in Sherrod I, Sherrod referenced some of the facts underlying the claims we hold were not barred by res judicata, his mere discussion of those facts in his fourth amended complaint does not have res judicata effect. See Pleing, 142 F.3d at 1358-59.

5

count 2, Sherrod's claim against defendant Crutchfield, based on her 2004 recommendation that he be terminated[3]; (3) in Count 2, Sherrod's due process claim against all of the named defendants, with regard to their failure to inform the district court, in the course of the Sherrod I proceedings, that Principal Hall no longer worked for the Board; (4) Count IV's retaliation claim as to defendants Johnson and Crutchfield, the underlying facts of which all occurred in 2004; and (5) the claims in Count V against defendants Johnson, Pare-Evans, and Middletown, which arose during the course of the Sherrod I proceedings, or shortly thereafter.[4] We vacate and remand for further consideration of only the foregoing claims, and affirm in all other respects.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**

---

[3] As best we can tell from the record we have before us, Sherrod's intervening state law-suit also did not preclude Sherrod's § 1983 action against Crutchfield, because the state administrative hearing and appeal involved Sherrod's termination and the performance-assessment procedures of Fla. Stat. §1012.34, while the instant action concerns alleged free speech, due process, and equal protection violations that Crutchfield, and the other defendants, allegedly committed in retaliation against Sherrod for speaking out on the Board's failure to implement the education courses enumerated in Fla. Stat. § 1003.42.

[4] Sherrod's Rule 60(b)(2) motion in Sherrod I did not preclude the claim because the basis for the motion was that Sherrod had discovered that Principal Hall had filed a retaliation suit against the Board, not that Johnson, Pare-Evans, and Middletown had violated his due process and equal protection rights. See CM/ECF for the U.S. Dist. Ct. for the S.D. Fla., no. 9:02-cv-80764, Doc. Entry 239.