[PUBLISH]

UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11804

_____

D.C. Docket No. 9:07-cv-80217-DTKH

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 23, 2012
JOHN LEY
CLERK

CURTIS SHERROD,

Plaintiff - Appellee,

versus

DR. ARTHUR JOHNSON,

Defendant - Appellant.

_____

No. 10-11876

_____

D.C. Docket No. 9:07-cv-80217-DTKH

CURTIS SHERROD,
Individually and on behalf of Surya Sherrod,

Plaintiff - Appellee,

versus

GLORIA CRUTCHFIELD,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(January 23, 2012)

Before TJOFLAT and MARTIN, Circuit Judges, and DAWSON,* District Judge.

PER CURIAM.

Curtis Sherrod filed this action against the defendants pursuant to 42 U.S.C. § 1983 claiming that he was terminated as a teacher and employee of the Palm Beach County School District in retaliation for exercising his First Amendment rights. At all relevant times, Arthur Johnson was Superintendent of Schools, and Gloria Crutchfield served as Principal of Roosevelt Middle School where Sherrod was employed at the time of his termination.

For the reasons that follow, we REVERSE and instruct the district court to grant Johnson and Crutchfield summary judgment based on qualified immunity.

## I.    Background.

Sherrod, a public high school history teacher, alleged that a series of unlawful transfers, unwarranted suspensions and subsequent termination between October 23,

*The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

2003 and May 19, 2004, were in retaliation for exercising his First Amendment right to free speech by criticizing the School Board and District employees on matters of public concern.

Sherrod was employed by the District as a history teacher beginning in 1993. Beginning in 2001, Sherrod began voicing his concern through various letters and appearances at school board meetings that the District was not in compliance with a state statute mandating infusion of African and African-American history into the District's history curriculum.

After an unsatisfactory performance evaluation in May 2002, the District placed Sherrod on a remedial teaching performance plan or "site assistance plan" (SAP), and during the 2002-2003 and 2003-2004 academic years transferred Sherrod various times to different positions in numerous schools within the District.

On August 14, 2002, Sherrod filed his initial § 1983 suit (*Sherrod I*) against the District and others alleging these transfers were in retaliation for his criticisms of the District in connection with the infusion statute.

During the fall of 2003, the District transferred Sherrod to Roosevelt Middle School to teach seventh grade geography where Gloria Crutchfield was Principal. Crutchfield testified during *Sherrod I* that while she was initially impressed with Sherrod as a teacher, she later began receiving complaints from parents about his

excessive work assignments and deviations from the curriculum. After meeting with Sherrod to discuss these and other concerns, to include her observation of unsupervised students outside his classroom, Crutchfield gave Sherrod an unsatisfactory performance evaluation.

On February 9, 2004, Crutchfield recommended Sherrod's termination to Johnson based on his failure to correct "performance deficiencies". On February 25, 2004, Johnson adopted the recommendation and notified Sherrod of his intent to recommend termination to the School Board. On May 4, 2004, Johnson filed a formal petition with the School Board recommending Sherrod's termination. At a public meeting on May 19, 2004, where Sherrod spoke on his own behalf, the School Board accepted Johnson's recommendation and voted to terminate Sherrod's contract.

Sherrod appealed to the Division of Administrative Hearings which appointed an Administrative Law Judge (ALJ) to review the School Board's decision. After conducting an evidentiary hearing, the ALJ recommended Sherrod's termination which the School Board adopted. Sherrod appealed this ruling to the Fourth District Court of Appeals which reversed the termination on November 8, 2006, finding that Fla. Stat. Section 1012.32(4)(c)(2003) required the School Board to base a decision to terminate primarily on student performance on annual tests. The Fourth District remanded the case to the School Board for further proceedings consistent with this

4

order.  <u>Sherrod v. Palm Beach County School Board</u>, 963 So.2d 251 (Fla. 4th DCA 2006).

In February 2006, Sherrod's 1983 action (*Sherrod I*) proceeded to trial with the School District as the sole remaining defendant.  The jury found in favor of Sherrod on his First Amendment retaliation claim.  However, the district court vacated and set aside the verdict finding insufficient evidence to support *Monell* liability.  This Court *sua sponte* dismissed Sherrod's appeal from that judgment as untimely and denied his separately filed appeal from a post-judgment order denying a motion for new trial based on newly discovered evidence.  <u>Sherrod v. Palm Beach County School Dist.</u>, 237 Fed. Appx. 423 (11th Cir. 2007).

On March 8, 2007, Sherrod filed a second § 1983 suit (*Sherrod II*) alleging (1) equal protection violations based on the School Board's failure to implement the infusion statute; (2) a First Amendment retaliation claim against the School Board and various individual teachers and administrators involved in the decision to transfer and terminate him; (3) due process violations based on Principal Crutchfield's alleged failure to formally observe his performance in classroom or allow him to complete his SAP before recommending termination, and defendant school board attorneys' alleged failure to alert him to an employment/address change of a former school district employee, Vice Principal Christine Hall (Olympic Heights), before and during

5

trial proceedings in *Sherrod I*.

The District Court dismissed *Sherrod II* with prejudice based on res judicata. On appeal, this Court reversed and remanded finding that certain claims that arose after October 24, 2003, (the date the third and final amended complaint was filed in Sherrod I), survived res judicata, including Sherrod's First Amendment retaliation claims against Crutchfield and Johnson, which are the subject of this appeal. <u>Sherrod v. School Board of Palm Beach County</u>, 272 Fed. Appx. 828 (11th Cir. 2008).

Following remand, Sherrod filed his fourth and final amended complaint on May 18, 2009, which included his First Amendment claim against Johnson, Crutchfield and the School Board based on his allegation that the defendants' decision to terminate him was in retaliation for his "outward criticisms" after October 24, 2003, of the District's inadequate implementation of the infusion statute. Specifically, Sherrod alleged:

> (1) 12-23-03 - Superintendent Johnson directs involuntary transfer of Sherrod from Roosevelt Full Service Center to Roosevelt Middle School, where he is placed under "watchful eye" of Principal Crutchfield;
>
> (2) 2-9-04 - Principal Crutchfield, working in coordination with Superintendent Johnson, recommends termination of Sherrod in alleged retaliation for his repeated public criticism of District's poor implementation of African and African American history infusion statute;

6

(3) 2-19-04 - Superintendent Johnson, adopting recommendation of Principal Crutchfield, recommends termination of Sherrod to School Board;

(4) 5-19-04 - Following public hearing at which Mr. Sherrod speaks on his own behalf, School Board accepts Superintendent Johnson's recommendation, suspends plaintiff without pay and terminates his employment.

On March 18, 2010, in ruling on cross-motions for summary judgment, the district court denied Johnson and Crutchfield's motion finding genuine issues of material fact on whether their proffered reasons for recommending Sherrod's termination were pretextual. The district court further found that Johnson and Crutchfield were not entitled to qualified immunity. On April 20, 2010, the District Court denied Johnson and Crutchfield's motion to amend this order finding res judicata did not bar Sherrod's First Amendment retaliation claim against them.

Johnson and Crutchfield appealed contending the District Court erred in finding that Sherrod's First Amendment retaliation claims against them are not barred by res judicata and denying them qualified immunity. As the Court finds the district court erred in denying Johnson and Crutchfield summary judgment based upon qualified immunity, we do not address the res judicata issue.

## II. Discussion.

This Court has jurisdiction to hear this interlocutory appeal of the denial of

qualified immunity as the issue involves the determination of whether the official's conduct violated clearly established law. Stanley v. City of Dalton, Ga., 219 F.3d 1280, 1286 (11th Cir. 2000). We review the district court's denial of summary judgment based upon qualified immunity de novo, resolving all issues of material fact in favor of the plaintiff. Oliver v. Fiorino, 586 F.3d 898, 901 (11th Cir. 2009).

Qualified immunity offers complete protection for individual public officials performing discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The parties do not dispute that Johnson and Crutchfield were acting in a discretionary capacity. Accordingly, the burden shifts to Sherrod to show that Johnson and Crutchfield are not entitled to qualified immunity.

For the law to be clearly established, the law "must have earlier been developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that 'what he is doing' violates federal law." Lassiter v. Alabama A&m Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994)(en banc)(*quoting* Anderson v. Creighton, 483 U.S. 635, 640 (1987). State officials can act lawfully even when motivated by a dislike or hostility to certain protected behavior. See Mt. Healthy v. Doyle, 429 U.S. 274 (1979). Where the

8

record shows public officials would have acted as they did even if they had lacked discriminatory intent, such actions are lawful. Id. at 286-87. In Foy v. Holston, 94 F. 3d 1528 (11th Cir. 1996), this Court acknowledged that "[u]nless it, as a legal matter, is plain under the specific facts and circumstances of the case that the defendant's conduct - despite his having adequate lawful reasons to support the act - was the result of his unlawful motive, the defendant is entitled to immunity." Id. at 1535.

The District Court concluded that Johnson and Crutchfield "had fair notice that the termination of a public school teacher for publicly calling the School Board to task for allegedly violating a state law requiring African and African-American history infusion into the District's world history curriculum was unconstitutional." The District Court further found that "no rational jury could conclude that it was objectively reasonable for defendants to believe that the termination of a public school teacher as a consequence of his vocal criticism of the school board's compliance with state law governing history curriculum content would not violate the employee's clearly established First Amendment rights."

A proper analysis of Johnson and Crutchfield's entitlement to qualified immunity is not whether they knew that terminating Sherrod in retaliation for protected speech was lawful, but rather whether terminating him based upon all the

information available to them at the time, to include any knowledge of his protected speech, was objectively reasonable. See Stanley, supra, at 1294. In Foy, we noted that the presence of a jury issue about a defendant's improper intent does not necessarily preclude qualified immunity. Foy, 94 F.3d at 1533. We explained that "[w]here the facts assumed for summary judgment purposes in a case involving qualified immunity show mixed motives (lawful and unlawful motivations) and preexisting law does not dictate that the merits of the case must be decided in plaintiff's favor, the defendant is entitled to immunity." Id. at 1535.

The facts in the record show lawful justifications for recommending Sherrod's termination. On May 16, 2002, Plaintiff received an unsatisfactory evaluation at Olympic Heights from Vice-Principal Christine Hall, with seven areas of concern. As a result, Sherrod was placed on a remedial teaching performance plan. While at Roosevelt Middle School, Crutchfield began to receive complaints from parents about excessive work assignments and deviations from the curriculum. Further, on one occasion, Crutchfield observed unsupervised students standing outside Sherrod's classroom. After consulting with Sherrod, Crutchfield gave him another unsatisfactory evaluation.

Plaintiff failed to present any precedent, and the Court is aware of none, to suggest that a reasonable principal and superintendent armed with the knowledge they

possessed, to include the unsatisfactory performance reviews, would know they could not recommend and/or adopt a recommendation to terminate Sherrod. Accordingly, Johnson and Crutchfield are entitled to qualified immunity.

**III.   Conclusion.**

Based on the foregoing, we hereby REVERSE the district court and instruct the district court to grant Johnson and Crutchfield summary judgment based on qualified immunity.