[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-13030
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-00315-MTT

LORIE POTTER,

Plaintiff-Appellee,

versus

DON WILLIFORD,
in his individual and official capacities,

Defendant-Appellant.

_____

No. 16-15743
Non-Argument Calendar
_____

D.C. Docket No. 5:14-cv-00315-MTT

LORIE POTTER,

Plaintiff-Appellee,

versus

THE ESTATE OF LUCIUS VAN PEAVY,

                                                    Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Georgia
_____

(October 5, 2017)

Before WILSON, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Don Williford and the Estate of Lucius Van Peavy (Van Peavy) (collectively, the Appellants) appeal the district court's denial of their joint motion for summary judgment based on qualified immunity in Lorie Potter's action alleging (1) race discrimination in violation of the Equal Protection Clause against Williford in his individual capacity, pursuant to 42 U.S.C. §§ 1981, 1983; and (2) retaliation for political association in violation of the First Amendment against Van Peavy, pursuant to 42 U.S.C. § 1983. On appeal, the Appellants argue that the district court should have granted summary judgment in their favor on Potter's claims against Williford and Van Peavy, because both were entitled to qualified immunity.

I.     Race Discrimination Claim Against Williford

2

We review de novo a district court's denial of summary judgment based upon qualified immunity. *See Sherrod v. Johnson*, 667 F.3d 1359, 1363 (11th Cir. 2012) (per curiam). In doing so, we "resolv[e] all issues of material fact in favor of the plaintiff." *Id.*

Qualified immunity completely protects individual public officers from liability when performing their "discretionary functions[, so long] as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person in their position would have known." *See id.* (internal quotation marks omitted). Generally, whether an official is entitled to qualified immunity is analyzed by looking to (1) whether the plaintiff established the violation of a constitutional right, and (2) whether that right was clearly established. *See Pearson v. Callahan*, 555 U.S. 223, 232, 129 S. Ct. 808, 815–16 (2009).

A right is clearly established when it was "earlier [] developed in such a concrete and factually defined context to make it obvious to all reasonable government actors, in the defendant's place, that [the defendant was] violat[ing] federal law." *See Sherrod*, 667 F.3d at 1363 (internal quotation marks omitted). The Equal Protection Clause right to be free from race discrimination in public employment is clearly established. *See Smith v. Lomax*, 45 F.3d 402, 407 (11th Cir. 1995). Discrimination claims under the Equal Protection Clause are subject to the "same analytical framework" as intentional discrimination claims brought

3

under Title VII and § 1981. *See Bryant v. Jones*, 575 F.3d 1281, 1296 n.20 (11th Cir. 2009). Accordingly, a plaintiff may satisfy the burden to produce evidence of race discrimination and establish a prima facie case by showing that: (1) she is a member of a protected class; (2) she was qualified and applied for a promotion; (3) she "was rejected in spite of h[er] qualifications;" and (4) "the individual who received the promotion is not a member of the protected group and had lesser or equal qualifications." *See Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 642 (11th Cir. 1998). After the plaintiff establishes a prima facie case, "[t]he burden then shifts to the employer to articulate legitimate nondiscriminatory reasons for the failure to promote." *Id.* at 643. Satisfying this burden shifts the burden back to the plaintiff to show that the employer's articulated reasons are pretextual. *Id.* An employer may not use subjective evaluations, but only objective criteria, to show that a plaintiff failed to illustrate that she was qualified for the position as part of her prima facie case. *See Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 768–69 (11th Cir. 2005) (per curiam).

The district court properly denied summary judgment to Williford based on qualified immunity as to Potter's race discrimination claim, because Potter showed that, drawing all factual determinations in her favor, Williford violated her constitutional rights to be free from racial discrimination in public employment. *See Sherrod*, 667 F.3d at 1363; *Smith*, 45 F.3d at 407. First, Potter met her burden

4

to present a prima facie case because she met the objective qualifications for the full-time EMT position. *See Carter*, 132 F.3d at 642. Williford's argument that Potter was not qualified for a full-time position fails because Williford's conclusion that Potter had a negative relationship with other EMTs is a subjective evaluation, which is irrelevant to the prima facie element of being qualified for the position. *See Vessels*, 408 F.3d at 768–69.

Potter also presented genuine issues of material fact as to whether Williford's reason for the promotion of Woodson over Potter— that the other EMTs disliked Potter—was a pretext for race discrimination. *See Carter*, 132 F.3d at 643. Williford's own statements to Potter that the decision was based on the need to "diversify the department" and that he would hire a Hispanic EMT next time "to cover all the bases" rebuts Williford's insistence that his decision was based on the other EMTs negative impressions of Potter.

Finally, the district court was correct to hold that the Equal Protection Clause's protection against race discrimination in public employment is clearly established, so Williford is not entitled to qualified immunity.

II.    First Amendment Retaliation Claim Against Van Peavy

We have held that it is clearly established that public officials may not retaliate against private citizens for exercising their First Amendment rights. *See Bennett v. Hendrix*, 423 F.3d 1247, 1255 (11th Cir. 2005). To establish retaliation

5

in violation of the First Amendment, a private-citizen plaintiff must show that (1) her speech or act was constitutionally protected; (2) the defendant's retaliatory conduct was likely to "deter a person of ordinary firmness from the exercise of their First Amendment rights;" and (3) "there is a causal connection between the retaliatory conduct and the adverse effect on the speech." *Id.* at 1250–51 (internal quotation marks omitted).  Even when the deterrent is small, the retaliation may still be actionable.  *See id.* at 1254.

The district court properly denied summary judgment to Van Peavy based on qualified immunity as to Potter's First Amendment retaliation claim, because Potter showed that, drawing all factual determinations in her favor, Van Peavy violated her constitutional right to be free from retaliation for exercising her First Amendment right to political association.  *See id.* at 1250–51, 1254–55.  Van Peavy did not challenge that Potter engaged in protected political speech when she supported Williams's campaign to replace Van Peavy as Sheriff.  Potter presented a genuine issue of material fact as to whether Van Peavy's actions were likely to deter a person from exercising their First Amendment rights because she presented evidence that when Van Peavy banned her from the Law Enforcement Center, it created a negative atmosphere at her workplace, and even a small deterrent effect can create a genuine issue of material fact.  *See id.* at 1254.  Potter also presented a genuine issue of material fact that Van Peavy's asserted reason for the ban—that

6

Potter had an incident of inappropriate behavior—was not legitimate because another EMT was also listed as engaging in the exact same conduct as Potter in the incident report, but was not banned.  Resolving all disputed facts in favor of Potter, the district court was correct to conclude a reasonable jury could find that Van Peavy's asserted reason for the ban was not based, even in part, on a legitimate reason.  Finally it is clearly established that public officials may not retaliate against private citizens for exercising their First Amendment rights, so the district court was correct to deny Van Peavy qualified immunity.  *See id.* at 1250, 1254–55.

In conclusion, because Potter sufficiently showed that Williford violated her constitutional right to be free from race discrimination in public employment, Van Peavy violated her constitutional right to be free from retaliation for exercising her First Amendment right to political association, and those rights were both clearly established, we affirm.

**AFFIRMED.**

7