[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12038
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-03207-TCB

TIFFINY DONLEY,

Plaintiff,

TONY E. MATHIS,

Plaintiff-Appellant,

versus

CITY OF MORROW, GEORGIA,
ESSIE WEST,
Clerk of Court, City of Morrow, in her individual capacity,
JEFF BAKER,
City of Morrow Chief of Police, in his official and individual capacities,
SGT. DET. CURTIS TURNER,
Morrow City Police Officer, City of Morrow, in his individual capacity,
JEFF EADY,
Morrow City Manager, in his official and individual capacities,

Defendants-Appellees,

JERRY PATRICK, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 9, 2015)

Before HULL, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Plaintiff Tony Mathis appeals pro se the district court's orders denying him leave to amend his complaint and granting summary judgment to the Defendant City of Morrow, Georgia ("the City"), and the Defendant Curtis Turner, a City of Morrow police officer, on Plaintiff Mathis's 42 U.S.C. § 1983 claims for malicious prosecution. After review, we affirm.

## I. BACKGROUND

### A.    Municipal Court Criminal Proceedings

Plaintiff Mathis was one of six "organizers" of a limited liability corporation called Cheerleaders South Sports Café LLC. The LLC owns a restaurant in the City of Morrow called Cheerleaders Sports Café ("Cheerleaders").

On June 20, 2010, Defendant Officer Turner of the Defendant City of Morrow's Police Department conducted a business inspection at Cheerleaders. Plaintiff Mathis and Cheerleaders' manager, Tiffiny Donley, were at the restaurant

2

during Defendant Turner's inspection.  Defendant Turner arrested Mathis and Donley and took them to the police station, where he cited them for 23 city-ordinance violations.  After spending almost three days in jail, Mathis and Donley were released on June 22, 2010.

Arraignment originally was set for August 18, 2010, but was rescheduled multiple times after Mathis and Donley appeared pro se, sought a "formal arraignment," and made oral motions to dismiss the charges.  Eventually, a trial was set for April 18, 2011, but on that date, the municipal court granted the City solicitor's request to place the case on the dead docket.  On November 9, 2012, the criminal case against Mathis and Donley was dismissed.

During the protracted municipal court litigation, two municipal court judges recused.  Throughout, Mathis and Donley maintained, among other things, that City officials (1) knew Mathis and Donley were not the owners, licensees, or lessees with respect to Cheerleaders and thus were not the proper parties to be charged with the city-ordinance violations; and (2) refused to dismiss or delayed dismissing the case against them in order to thwart a future claim of malicious prosecution.

## B.    Plaintiffs' First Four Complaints

While the municipal court criminal proceedings were ongoing, Mathis, pro se, and Donley, represented by counsel, filed a civil Complaint and an Amended

Complaint in state court.  After the Defendants removed the action to federal district court, the Plaintiffs filed a Second Amended Complaint on October 1, 2012.  All three complaints alleged, inter alia, malicious prosecution claims under both § 1983 and state law against the Defendant City and various officials, including Defendant Officer Turner.

The district court stayed the Plaintiffs' federal action pending resolution of the municipal court proceedings.  After the municipal charges were dismissed, the district court reopened the § 1983 case on January 9, 2013.  Pursuant to the district court's order, the Plaintiffs, both now represented by counsel Robert Kenner, Jr., filed a Third Amended Complaint, which is the dispositive complaint for purposes of this appeal.

The Plaintiffs' Third Amended Complaint did not allege a state law claim of malicious prosecution.  Instead, the Third Amended Complaint alleged: (1) a § 1983 claim for denial of the right to self-representation; (2) a § 1983 claim of municipal liability for failure to implement proper procedures as to a criminal defendant's right to self-representation; (3) a § 1983 claim of malicious prosecution; (4) a § 1983 claim of municipal liability for failure to train the Morrow Police Department as to illegal prosecutions; and (5) a claim for attorney's fees pursuant to § 1988.

## C.    District Court's Scheduling Order

4

After the Defendants filed answers, the parties filed a Joint Preliminary Planning Report and Discovery Plan ("the Plan") on March 9, 2013. According to the Plan, the Plaintiffs had notified the Defendant City that they intended to seek leave to amend their Third Amended Complaint to, among other things, add a state-law malicious prosecution claim. The Plan provided, however, that amendments to the pleadings submitted later than thirty days after the Plan was filed, i.e., after April 9, 2013, would not be accepted, unless otherwise permitted by law. The district court entered a scheduling order accepting the Plan's deadlines and ordering that discovery would last eight months, thus ending on November 8, 2013. The district court warned the parties that deadline extensions were not likely to be granted.

The deadline for filing amended pleadings expired without the Plaintiffs' filing a fourth amended complaint or asking for an extension of time. Meanwhile, in a series of pretrial orders, the district court dismissed a number of claims and defendants, such that the only remaining claims were: (1) the § 1983 malicious prosecution claim against the Defendant City and the Defendant Turner in his individual capacity; (2) the § 1983 failure-to-train claim against the Defendant City; and (3) the § 1988 claim for attorney's fees.

**D.    Mathis's Pro Se Motion to Amend the Complaint**

5

On June 19, 2013, Plaintiff Mathis filed a "Motion for Substitution of Counsel." Mathis notified the district court that he had terminated Kenner as his counsel, that he was a practicing attorney, and that he wished to proceed pro se. In a response, counsel Kenner indicated without elaboration that the attorney-client relationship had deteriorated, and he did not object to Mathis's motion. Counsel Kenner advised, however, that he continued to represent Plaintiff Donley. On July 9, 2013, the district court granted Plaintiff Mathis's motion to terminate Kenner as Mathis's counsel.

On October 2, 2013, Plaintiff Mathis filed a pro se motion for leave to file an amended complaint ("October motion"), pursuant to Federal Rule of Civil Procedure 15(a)(2). Mathis attached his proposed Fourth Amended Complaint, which alleged malicious prosecution claims under § 1983 and state law, and a § 1988 claim for attorney's fees. The proposed Fourth Amended Complaint included both Mathis and Donley as named plaintiffs and repeatedly referred to Donley and Mathis together as "the Plaintiffs," but was signed only by Mathis. Mathis's motion noted that the Defendants did not consent to his proposed amendment.

## E.    District Court's Denial of Leave to Amend

On October 3, 2013, the district court sua sponte denied Mathis's motion for leave to amend ("the October order"). The district court pointed out that Mathis

6

had not indicated that Donley joined his motion, which was unlikely given that the motion was not signed by Donley's attorney, Kenner. The district court further explained that "Donley must join any such motion and the complaint must be filed on behalf of both Plaintiffs."

### F.    Plaintiff Donley's Motion to Sever and Settlement

On November 15, 2013, after the district court ordered the parties to enter mediation to try to settle the case, counsel Kenner filed a motion to sever Donley's case from Mathis's case. In an affidavit, counsel Kenner averred that he and Mathis could not agree on trial strategy, including "how an Amended Complaint should be drafted." Mathis opposed severance, and in his own affidavit averred that he, rather than Kenner, had performed most of the legal work for the case. Mathis also attached an affidavit from Donley asking the district court to deny Kenner's motion to sever filed on her behalf. The district court denied the motion to sever. On November 25, 2013, Donley, with Kenner still representing her, settled Donley's case.

### G.    Mathis's Second <u>Pro Se</u> Motion to Amend Complaint

On December 1, 2013, almost eight months after the scheduling order's deadline for amending the pleadings, Mathis filed a second <u>pro se</u> motion for leave to file an amended complaint, again seeking to allege a state-law malicious prosecution claim ("December motion"). Mathis argued that he should be allowed

7

to amend his complaint now that Donley had settled her claims.  Mathis did not attach a copy of his proposed amended complaint.[1]

The Defendants opposed Mathis's December motion for various reasons, including that: (1) Mathis's proposed amendment was untimely under the district court's scheduling order and he had not shown "good cause" to modify the scheduling order, as required by Federal Rule of Civil 16(b)(4); (2) Defendants would be prejudiced by a late amendment; and (3) Mathis had not attached a copy of his proposed amended complaint to his motion.

In his reply, Plaintiff Mathis argued that he should be allowed to amend his complaint under Rule 15(a), but did not address the Defendants' Rule 16(b)(4) argument or explain how he had shown "good cause" to excuse him from the scheduling order's April 9, 2013 deadline to amend the pleadings.  To his reply brief, Mathis attached a copy of his proposed Fourth Amended Complaint.

On January 13, 2014, the district court denied Mathis's December motion. ("January order").  The district court concluded that: (1) Mathis had not shown good cause under Rule 16(b)(4); (2) Mathis's brief had not mentioned Rule 16(b)(4); (3) Mathis had not diligently pursued the fourth amendment; (4) Mathis's motion had failed to comply with the procedural requirements for amending his

---

[1]Mathis later sought to amend his December motion, wishing to add a § 1983 false arrest claim to his proposed Fourth Amended Complaint as well.  The district court denied this request. On appeal, Mathis does not challenge that ruling on his false arrest claim, and we do not address it.

8

complaint; and Mathis's reply brief had attached a proposed Fourth Amended Complaint that contained 15 additional pages and 32 additional numbered paragraphs (compared to Mathis's proposed Fourth Amended Complaint attached to his October motion), of which Defendants appeared to have had no notice.

## H.    Mathis's 2014 Motion to Alter or Amend the Judgment

On February 2, 2014, Mathis filed a motion to alter or amend the judgment, citing Federal Rules of Civil Procedure 59(e) and 60(b).  Mathis asked the district court to amend the "judgment entered on October 3rd, 2013, or in the alternative January 13th, 2014 denying Plaintiff's inclusion of the state claim for malicious prosecution."

Mathis claimed that he had been diligent in his attempts to amend his complaint but that his former counsel Kenner refused to amend the complaint. Mathis submitted his affidavit and e-mail exchanges between Mathis and Kenner dating from April 30, 2013 through July 22, 2013.

The Defendants opposed Mathis's motion and submitted a deposition of Kenner.  Kenner testified that he dropped the state-law malicious prosecution claim from the Third Amended Complaint because the Defendant City had not yet responded to the Plaintiffs' ante litem notice.  As a result, in January 2012, while preparing the Plan, Kenner and Mathis agreed they would amend the complaint to

add the state-law malicious prosecution claim after discovery expired and then inserted language in the Plan that they believed would protect their ability do to so.

In reply, Mathis submitted his and Donley's affidavits disputing Kenner. According to Mathis and Donley, Mathis did not agree to wait until after discovery expired to amend the complaint and repeatedly asked Kenner to amend the complaint in April 2012, before the scheduling order deadline, but was ignored.

The district court denied Mathis's "motion for reconsideration."  The district court concluded that: (1) Rule 59(e) did not apply because neither the October order nor the January order was a "judgment"; (2) Mathis had not identified which subsection of Rule 60(b) entitled him to relief or cited any authority to support his argument; and (3) Mathis possessed the information about his dispute with Kenner prior to his October and December motions, but failed to explain why he did not include it with these motions or why he did not address Rule 16(b)(4)'s "good cause" requirement in those motions.

## I.    Summary Judgment

After discovery expired, the Defendants moved for summary judgment on Mathis's remaining claims.  The district court granted the Defendants' motions. As to the § 1983 malicious prosecution claim, the district court concluded that there was no seizure under the Fourth Amendment as a matter of law.  Specifically, Mathis was arrested without a warrant and then released, and the subsequent

municipal court proceedings against Mathis did not begin until his arraignment. Additionally, Mathis conceded that after his arraignment he was not subject to restrictions in his movement, was not required to report for a pretrial program or drug testing, and did not have to wear an ankle monitor.

As to the § 1983 failure-to-train claim, the district court concluded that because Mathis's underlying malicious-prosecution claim was meritless, this claim was also meritless. Alternatively, the district court concluded that Mathis had not shown that the Defendant City was deliberately indifferent to his constitutional rights because he had not "identified a constitutionally deficient training program" or shown that City officials were on notice of pattern of constitutional violations by untrained City employees.

Finally, because the Defendants were entitled to summary judgment on Mathis's § 1983 claims, the district court determined that Mathis was not entitled to attorney's fees under § 1988. The Clerk of the Court entered a judgment dismissing Plaintiff Mathis's action, and ordered that the Defendants recover their costs.

The Defendant City then moved to recover attorney's fees, and Defendant Turner moved for sanctions under Federal Rule of Civil Procedure 11(b). The district court denied both motions.

## II.  AMENDMENTS TO A COMPLAINT

11

## A.    Federal Rules 15(a) and 16(b)

Under Rule 15(a), the plaintiff may amend his complaint once as a matter of course within 21 days of serving it or within 21 days after the defendant's service of either the answer or a motion under Rule 12(b), whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  After this time has passed, a plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) instructs courts to "freely give leave when justice so requires."  Id.  That said, courts may deny a motion for leave to amend on numerous grounds, including undue delay, undue prejudice to the defendants, and futility of amendment.  Maynard v. Bd. of Regents, 342 F.3d 1281, 1287 (11th Cir. 2003).

Furthermore, once the district court limits the time to amend pleadings in a scheduling order, the schedule may only be modified for "good cause" and with the district court's consent.  Fed. R. Civ. P. 16(b)(4).  Thus, a plaintiff seeking leave to amend his complaint after the scheduling-order deadline must show "good cause" under Rule 16(b).  S. Grouts & Mortars, Inc. v. 3M Co., 575 F.3d 1235, 1241 (11th Cir. 2009).  Lack of diligence in pursuing a claim is sufficient to show lack of good cause.  Id.  A plaintiff lacks diligence when, prior to the scheduling order deadline, he either (1) had full knowledge of the information with which he

later sought to amend his complaint, or (2) failed to seek the information he needed to determine whether to amend the complaint.  Id. at 1241 n.3.[2]

## B.    Mathis's Pro Se Motions

Here, the district court did not abuse its discretion in denying either of Mathis's pro se motions for leave to amend his complaint.  With respect to his October motion, Mathis's proposed Fourth Amended Complaint identified Donley in its caption as a named plaintiff, included Donley as one of the parties, made factual allegations involving her, and referred to the "plaintiffs" in its § 1983 claim for malicious prosecution.  However, neither Donley nor her attorney of record signed Mathis's October motion or his proposed Fourth Amended Complaint.  Mathis's proposed amendments affected Donley's claims against the City and Turner, and, as Mathis was not representing Donley in the action, Mathis could not amend her complaint without her consent.

Contrary to Mathis's argument, the district court did not deny his October motion because "any amendment to the complaint by Appellant must include the co-plaintiff's attorney's joinder."  Rather, the district court denied the October motion because it ostensibly sought to amend the complaint on behalf of both

---

[2]We review a district court's denial of a motion for leave to amend a complaint for abuse of discretion.  Covenant Christian Ministries, Inc. v. City of Marietta, 654 F.3d 1231, 1239 (11th Cir. 2011).

13

Plaintiffs, but without the consent of either Donley or her counsel.  This Mathis could not do.

In any event, with respect to both the October and December motions, Mathis failed to show good cause for excusing him from the scheduling order's deadline to amend the pleadings.  Mathis's complaint was filed in August 2012, and by January 9, 2013, his complaint was already amended three times, resulting in the Third Amended Complaint.  Under the scheduling order, Mathis had until April 9, 2013, thirty days after the Plan was filed, to seek leave to amend his complaint.  But, Mathis did not move to amend his complaint until almost six months after the deadline, on October 2, 2013, and then a second time on December 1, 2013, almost eight months after that deadline.  Therefore, Mathis was required under Rule 16(b) to show "good cause" for each of his motions.

Neither of Mathis's motions demonstrated good cause, however.  Indeed, as the district court noted, Mathis's December motion failed to even mention Rule 16(b).  Further, Mathis could not show good cause because he was not diligent in pursuing his state-law malicious prosecution claim.  See S. Grouts & Mortars, 575 F.3d at 1241 n.3.  Mathis had included the state-law claim in prior complaints, including his Second Amended Complaint, but omitted it from his Third Amended Complaint.  He thus knew of the state-law claim and the facts supporting it well

14

before the April 9, 2013 deadline,[3] but waited until six months after the deadline to try to add that state-law claim. Mathis's arguments—that he did not act in bad faith and that the Defendants would not have been prejudiced—ignore Rule 16(b) and do not show diligence or good cause for granting leave to amend many months after the deadline.

### III. DENIAL OF MATHIS'S RULE 60(b) MOTION

Under Rule 60(b), the district court may relieve a party of a final judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not previously have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released or discharged, that is based on an earlier judgment that has been reversed or vacated, or that it would no longer be equitable to apply prospectively; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b).

Mathis's Rule 60(b) motion did not identify under which grounds he sought relief. On appeal, Mathis, however, contends he sought relief under the catch-all provision of Rule 60(b)(6). Relief under Rule 60(b)(6), "for any other reason," is

---

[3]Mathis has never argued, either in the district court or this Court, that he did not have all of the information he needed to bring his state-law malicious prosecution claim until after the scheduling order deadline had passed. We note, in any case, that this assertion alone would not have been enough to entitle Mathis to relief from the scheduling order under Rule 16(b) because the party seeking to amend must also show that he has been diligent in pursuing whatever information he needed to amend the complaint. See S. Grouts & Mortars, 575 F.3d at 1241 n.3.

15

an extraordinary remedy that may only be invoked upon a showing of exceptional circumstances. Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001).

The appellant's burden on appeal from the denial of a Rule 60(b) motion is a heavy one. Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006). It is not enough that a grant of the Rule 60(b) motion might have been permissible or warranted; rather, the appellant must show a justification so compelling that the district court was required to vacate its order. Id. When a party attempts to introduce new evidence in a motion for reconsideration, the district court should not grant the motion absent a showing that the evidence was previously unavailable or newly discovered. See Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997) (involving Rule 59(e) motion); Willard v. Fairfield S. Co., 472 F.3d 817, 821 (11th Cir. 2006) (involving Rule 60(b) motion).

The district court did not abuse its discretion in denying Mathis's Rule 60(b) motion filed in February 2014.[4] Mathis's 2014 motion blamed his former counsel Kenner for the failure to file a motion to amend before the April 9, 2013 deadline and contended that Mathis tried repeatedly to get Kenner to file such a motion in

---

[4]Mathis does not challenge the district court's denial of his motion for reconsideration to the extent it was brought under Rule 59(e). Furthermore, although a heading in Mathis's brief makes a passing reference to the district court's January order, the body of the brief argues only that the district court erred in refusing to reconsider its October order denying Mathis's October motion. Thus, these issues are abandoned. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681-82 (11th Cir. 2014).

16

April, but Kenner ignored him.  In support, Mathis's 2014 motion quoted from e-mail communications between Mathis and Kenner from April to July 2013.  Mathis also submitted his affidavit describing his deteriorating relationship with Kenner and the disagreement about amending the complaint.  However, Mathis's Rule 60(b) motion did not explain why he had failed to advance this argument in his October motion and submit the information at that time.

The record demonstrates that Mathis was fully aware of his dispute with Kenner and possessed the email exchanges between them when he filed his October 2013 motion for leave to amend.  Given that the information relied upon was neither previously unavailable nor newly discovered, the district court did not abuse its discretion by denying the Rule 60(b) motion.

In any event, even considering the new information in Mathis's Rule 60(b) motion, Mathis still failed to show exceptional circumstances justifying relief. Mathis, a practicing attorney, admits he knew in April 2013 that he needed to amend his complaint to add the state-law malicious prosecution claim.  Yet, he waited at least another six weeks, until June 19, 2013, to terminate Kenner and file his motion to proceed pro se.  Then, Mathis waited another three months, until October 2, 2013, to file his own pro se motion to amend seeking to add the state-law malicious prosecution claim.  Under these factual circumstances, we cannot say Mathis was diligent in pursuing amendment to add his state-law malicious

17

prosecution claim.  For these reasons, Mathis's Rule 60(b) motion did not show a justification so compelling that the district court was required to vacate its October order denying leave to amend.

## IV.  SUMMARY JUDGMENT ON § 1983 MALICIOUS PROSECUTION CLAIM

On appeal, Mathis challenges the district court's grant of summary judgment only as to his § 1983 claim of malicious prosecution.[5]  Mathis contends that the district court erred in concluding that the record established as a matter of law that there was no "seizure" of Mathis within the meaning of the Fourth Amendment.[6]

To establish a malicious prosecution claim under § 1983, "a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) violation of [his] Fourth Amendment right to be free from unreasonable seizures." Kingsland v. City of Miami, 382 F.3d 1220, 1234 (11th Cir. 2004).  Thus, in addition to the common law elements, a § 1983 plaintiff must prove that he was "seized in relation to the prosecution, in violation of [his] constitutional rights." Id. at 1235.

As this Court expressed in Kingsland v. City of Miami, "[t]he plaintiff's arrest cannot serve as the predicate deprivation of liberty because it occurred prior

---

[5]Because on appeal Mathis does not challenge the grant of summary judgment on his § 1983 failure-to-train claim or his § 1988 attorney's fees claim, those claims are abandoned.

[6]We review a district court's grant of summary judgment de novo, applying the same legal standards used by the district court.  Kingsland v. City of Miami, 382 F.3d 1220, 1225 (11th Cir. 2004).

to the time of arraignment, and was not one that arose from malicious prosecution as opposed to false arrest." Id. (quotation marks omitted). For purposes of a malicious prosecution claim when there is a warrantless arrest, "the judicial proceeding does not begin until the party is arraigned or indicted." Id. Further, the normal conditions of pretrial release, such as bond and a summons to appear, do not constitute a seizure, "barring some significant, ongoing deprivation of liberty, such as a restriction on the defendant's right to travel interstate." Id. at 1236 (rejecting the "continuing seizure" theory where, one day after her warrantless arrest for DUI, the plaintiff was released on a $1,000 bond, then arraigned, and, during the course of prosecution, travelled twice from New Jersey to Florida to appear in court).

We agree with the district court that, under our binding precedent in Kingsland, Mathis did not suffer a Fourth Amendment "seizure" after the judicial proceedings began in the municipal court prosecution. Mathis was arrested without a warrant, but this case is not a false arrest case. This case is a malicious prosecution case, and Mathis's warrantless arrest cannot serve as the predicate Fourth Amendment seizure for purposes of his § 1983 malicious prosecution claim. See id. at 1235. Moreover, the conditions of his pretrial release did not constitute a seizure either, given that Mathis was released on signature bond, then arraigned, and travelled from Indiana to Georgia to attend hearings during the

19

municipal court proceedings.  See id. at 1236.  Under these undisputed facts, the municipal court prosecution did not subject Mathis to any significant deprivation of liberty, and thus he was not seized under the Fourth Amendment during the municipal court proceedings.

Mathis argues that being forced to appear at his arraignment at the Morrow City Hall was a seizure under the Fourth Amendment.  Kingsland, however, forecloses this argument.  In Kingsland, the plaintiff also appeared for arraignment, and this Court concluded that such an appearance in a court did not subject the plaintiff to a Fourth Amendment seizure for purposes of a malicious prosecution claim.  Id. at 1225-26, 1236.

Accordingly, Mathis has not shown any reversible error in the district court's grant of summary judgment to the Defendants on Mathis's § 1983 malicious prosecution claim.[7]

**AFFIRMED.**

---

[7]Mathis also contends that his arraignment argument "is not of the frivolous nature worthy of paying the Appellee attorney fees."  The district court, however, did not order Mathis to pay attorney's fees, and thus we lack jurisdiction to consider the issue.  See Zinni v. ER Solutions, Inc., 692 F.3d 1162, 1166 (11th Cir. 2012).  To the extent Mathis challenges the district court's award of costs, the City and Turner were the prevailing parties, and Mathis has not rebutted the strong presumption under Federal Rule of Civil Procedure 54(d) that the prevailing party will be awarded costs.  See Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007); Fed. R. Civ. P. 54(d)(1).