[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-11641
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 11, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 70-13676-CV-JOF-1

SANDRA CANO,
f.k.a. Mary Doe,

Plaintiff-Appellant,

PETER G. BOURNE, et al.,

Plaintiffs,

versus

THURBERT E. BAKER,
Attorney General of the State of Georgia,
PAUL L. HOWARD, JR.,
District Attorney of Fulton County, Georgia,
RICHARD PENNINGTON,
Chief of Police of the City of Atlanta,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 11, 2006)**

Before ANDERSON, HULL and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff Sandra Cano, then known as "Mary Doe," filed a class action lawsuit in 1970 against the Georgia Attorney General, and several other Georgia state and local officials attacking the constitutionality of, and seeking to enjoin the enforcement of, Georgia's Abortion Act, Ga. Code Ann. § 26-1201 *et seq.* (1969). On July 31, 1970, a three-judge panel in the district court issued an order holding that portions of the Act, which set forth certain procedures a women needed to follow in order to obtain an abortion in Georgia, violated plaintiff's constitutional rights and granted her declaratory relief. *See Doe v. Bolton*, 319 F. Supp. 1048, 1056-57 (N.D. Ga. 1970). Other than Cano, all other plaintiffs to the original action were dismissed.

On January 22, 1973, the Supreme Court issued its order in this case as a companion case to its seminal decision in *Roe v. Wade*, 410 U.S. 113 (1973), affirming the order of the three-judge district court with some modifications. *See Doe v. Bolton*, 410 U.S. 179, 201-02 (1973).

On August 25, 2003, approximately 32 years after first filing this suit, Cano filed a Federal Rule of Civil Procedure 60(b) motion for relief from, *inter alia*, the three-judge district court's 1970 judgment, where she had originally prevailed, and

2

requested that a three-judge district court again be empaneled.  The district court

denied the Rule 60(b) motion.  We affirm.

## The Overall Propriety of the Rule 60(b) Motion

Initially, prior to discussing the merits of the district court's decision on

appeal, we note that not one of the many cases cited by Cano involves a situation

where a *prevailing* litigant subsequently asks a court "to relieve" her from a

decision in which she was granted the relief she had originally requested.  Nor

have we found a case where a prevailing litigant is seeking permission to vacate a

favorable decision for the plaintiff and only placed a burden on the defendant, not

the plaintiff.

Rule 60(b), the equitable vehicle Cano has chosen here, states that "the

court *may relieve* a party or a party's legal representative from a final judgment,

order, or proceeding for the following reasons . . .."  Fed. R. Civ. P. 60(b)

(emphasis supplied); *see Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316-

17 (11th Cir.  2000) (explaining the "sound discretion" the district court may

exercise in reviewing Rule 60(b) motions).  To "relieve" a party is "to ease of

imposition, burden, wrong, or oppression, by a judicial or legislative

interposition."  Webster's Third New International Dictionary 1918 (1993).  Rule

60(b) bestows the district court the discretion to utilize equitable powers to relieve

a burden placed upon the defendant, in such a case, by injunction or declaratory judgment. *See, e.g., Cook v. The Birmingham News*, 618 F.2d 1149, 1153 (5th Cir. 1980) (explaining that plain language of Rule 60(b)(5) is to prevent an "inequitable operation of a judgment"). The equitable purpose of Rule 60(b) cannot be to "relieve" a party from her own lawsuit in which she had prevailed three decades earlier. The equitable considerations presented by Cano here are counterbalanced by the long-standing legal maxim of "finality" of decisions. *See Waddell v. County Sheriff's Office*, 329 F.3d 1300, 1309 n.11 (11th Cir. 2003) ("It is for the public good that there be an end of litigation."); *Cook*, 618 F.2d at 1153 (discussing the court's need to balance equitable considerations against the need for finality of judgments). The need for finality of judgments here outweighs the circumstances Cano has identified in her Rule 60(b) motion, which were created in part by her thirty-year old lawsuit where she had prevailed. This, accompanied by the reasons explained below, leads to our conclusion that there was no abuse of discretion by the district court denying Cano Rule 60(b) relief.

In fact, even if the *defendants* had filed the Rule 60(b) motion, however, asking that they be relieved from the judgment for the reasons asserted by Cano, the district court's denial of relief would be due to be affirmed.

Cano asserted in her Rule 60(b) motion that the following were sufficient bases to reverse *Roe v. Wade*, *Doe v. Bolton*, as well as the district court's l970 order: (1) new scientific knowledge about abortion, its effect on women, and the viability of a fetus existed; (2) the intervening Supreme Court *Agostini v. Felton*, 521 U.S. 203 (1997) decision, which she contended changed the procedure for overturning a Supreme Court decision; and (3) the intervening developments in both case and statutory law. On February 5, 2004, Texas Black Americans for Life, Inc. and Life Education and Resource Network, Inc., moved to intervene as of right. The proposed intervenors argue that "abortion has been, is, and shall continue to be, an instrument of genocide" against black Americans and other minority groups. On March 26, 2004, the district court issued an order denying Cano's Rule 60(b) motion, including her requests for a three-judge panel and an evidentiary hearing.

We Have Jurisdiction to Review The Rule 60(b) Motion

Rather than seeking an immediate appeal of the denial of her Rule 60(b) motion, Cano first filed a Federal Rule of Civil Procedure 59(e) "Motion for Reconsideration and to Amend Order Denying Rule 60 Motion," on April 9, 2004. In that motion, Cano "respectfully request[ed] the Court under Rule 59(e) to reconsider and alter or amend the order on March 26, 2004 denying her Rule 60

5

motion." She argued that: (1) the district court denied her due process rights by failing to grant her an evidentiary hearing and to make factual findings on the evidence she had submitted; (2) a three-judge court was required to hear her claim; (3) prospective application of *Roe* and *Doe* was unjust because of the substantial legal and substantive changes in the law since then; and (4) the district court subverted the purpose of Rule 60(b) by denying her motion "summarily." The district court denied the Rule 59(e) motion on February 23, 2005. Cano filed her notice of appeal to this Court on March 23, 2005, which seeks review of the district court's denials of both the Rule 60(b) and Rule 59(e) motions.

Appellees argue that we do not have jurisdiction because, *inter alia*, Cano failed to file a timely notice of appeal of the denial of her *Rule 60(b) motion*. We have jurisdiction because Cano's Rule 59(e) motion requesting that the district court reconsider the denial of her Rule 60(b) motion for relief was timely since it was filed within ten days of that denial, thus tolling the time to file the notice of appeal to this Court. *See Williams v. Bolger*, 633 F.2d 410, 413 (5th Cir. 1980) (explaining that a timely filed Rule 59(e) motion requesting reconsideration of the denial of a Rule 60(b) motion tolls the time for appealing); *see also* Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment"). This circumstance is distinguishable from the

6

cases cited by appellees where the same party filed *successive Rule 59 motions* more than ten days after final judgment. In those cases, the time to file a notice of appeal did not toll a *second time. See, e.g.*, *Wansor v. George Hantscho Co., Inc.*, 570 F.2d 1202, 1206 (5th Cir. 1978) (noting that a "motion to reconsider an order disposing of a motion of the kind enumerated in [Fed. R. App. P.] 4(a) does not again terminate the running of the time for appeal"); *Ellis v. Richardson*, 471 F.2d 720, 721 (5th Cir. 1973); *see also Finch v. City of Vernon*, 945 F.2d 256, 259 (11th Cir. 1988).

<u>No Reversible Error By Denying Request for Three-Judge District Court</u>

The district court did not err by denying Cano's request for a three-judge district court. A single district court judge can decide threshold questions relating to Cano's Rule 60(b) motion even though the underlying judgment was tried by a three-judge court under the former 28 U.S.C. § 2281. *See, e.g., Bond v. White,* 508 F.2d 1397, 1400-01 (5th Cir. 1975); *cf. McCorvey v. Hill*, 385 F.3d 846, 848 (5th Cir. 2004) (same). Such matters include a single district court judge entertaining and deciding subsequent modified remedial orders, which is what the district court did here. *See McCorvey*, 385 F.3d at 848 (affirming district court's denial for three-judge district court panel in subsequent Rule 60(b) matter); *see, e.g.*, *Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1521 (11th Cir. 1987) (finding no

7

abuse of discretion in district court's denial of evidentiary hearing in Rule 60(b) post-judgment action, where the district court did not grant relief as a matter of law in the first instance).

<u>No Abuse of Discretion by Denying Relief Under Rule 60(b)(5) and (b)(6)</u>

Even if this Court assumes, without deciding, that the Rule 60(b) motion filed here was filed within a "reasonable time" under Rules 60(b)(5) and (b)(6), the district court nonetheless did not abuse its discretion by denying Cano's motion for relief from the district court's declaratory order issued more than 30 years ago.  Fed. R. Civ. P. 60(b) (indicating that motions made pursuant to Rules 60(b)(5) and (6) "shall be made within a reasonable time"); *see, e.g., Johnson v. Waste Materials v. Marshall*, 611 F.2d 593, 601 (5th Cir. 1980) (noting that Rule 60(b)(5) motion may be brought within a "reasonable time"); *see also Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A 1981) (listing factors for district court's consideration in Rule 60(b) motions).

Rule 60(b)(5) justifies relief if "the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." Fed. R. Civ. P. 60(b)(5).  Rule 60(b)(6), the catchall provision of the Rule, authorizes relief for "any other reason justifying relief from

8

the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) motions must demonstrate "that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (denying relief under Rule 60(b)(6) as well) (internal quotation and citation omitted). The appellant's burden on appeal is heavy. "[I]t is not enough that a grant of the [Rule 60(b) motion] might have been permissible or warranted; rather, the decision to deny the motion . . . must have been sufficiently unwarranted as to amount to an abuse of discretion." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Cano "must demonstrate a justification so compelling that the [district] court was required to vacate its order." *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (quotation and citation omitted).

Cano claims that new scientific evidence has developed about abortion since the Supreme Court's *Roe* and *Doe* 1973 decisions, as well as the district court's 1970 decision, which was expressly modified by the Supreme Court. *See Doe*, 410 U.S. at 201-02. She further claims that there have been significant changes in the statutory and case law since those decisions. The passage of time will certainly develop additional evidence, whether scientific, factual, or

9

otherwise, as well as modifications in the legal landscape. The question on appeal is, however, whether the district court abused its broad discretion in failing to grant equitable relief under Rules 60(b)(5) and (6). *See Toole*, 235 F.3d at 1316-17 (holding no abuse of discretion where district court denied relief where movant presented new scientific evidence gathered in four years since its original decision). Even assuming all the proffered scientific or clinical evidence about the effects of abortion submitted by Cano in support of her Rule 60(b) are true, it does not change the fact that the district court did not have the authority to reverse the Supreme Court's decisions in *Doe* or *Roe*, nor do we.

The district court did not err by holding that the Supreme Court granted no such authority in its *Agostini* decision, which left untouched the bedrock principle that "[i]f a precedent of [the Supreme Court] has direct application in a case . . . the Court of Appeals should follow the case which directly controls, leaving to [the Supreme Court] the prerogative of overruling its own decisions." *Agostini*, 521 U.S. at 237 (quotations omitted). The Supreme Court has never overruled *Roe* or *Doe*.

No Abuse of Discretion By Denying Request for Evidentiary Hearing

The district court did not abuse its discretion by denying Cano's request for an evidentiary hearing and to make specific findings of fact on the evidence she

10

had submitted in support of her Rule 60(b) motion. As the Fifth Circuit recently explained in *McCorvey,* which sought, *inter alia*, to reverse the *Roe* decision, "An evidentiary hearing would have served no useful purpose in aid of the court's analysis of the threshold questions presented, which, as we explained, precluded the relief [Roe] sought." *McCorvey*, 385 F.3d at 850. Because the district court's underlying decision was based on its lack of authority to grant the relief requested by Cano as a matter of law, there would have been no reason to hold an evidentiary hearing.

AFFIRMED.