[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12157
Non-Argument Calendar

_____

D. C. Docket No. 6:09-cv-00397-GAP-DAB

MELISSA G. HAMMETT,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 28, 2012)

Before HULL, EDMONDSON and BLACK, Circuit Judges.

PER CURIAM:

Melissa Hammett, proceeding pro se, appeals the denial of her Fed.R.Civ.P. 60(b) motion for relief from judgment. No reversible error has been shown; we affirm.[1]

Hammett filed a civil complaint against her former employer, the Department of Homeland Security ("DHS"), alleging that DHS retaliated against her, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a), after she filed a claim of gender discrimination with the Equal Employment Opportunity Commission. In particular, Hammett contended that DHS placed her on leave restriction, issued two letters of reprimand, and terminated her in retaliation for her protected conduct. Construed liberally, Hammett's complaint asserted retaliation claims under both a traditional approach (where the decisionmaker is motivated by a retaliatory animus) and under a "cat's paw" approach (where the decisionmaker is not motivated by a retaliatory animus but is influenced by a non-decisionmaker who is so motivated).[2]

---

[1] We construe liberally pro se pleadings. Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008).

[2] On appeal, Hammett abandons expressly her retaliation claim under the traditional approach.

2

The district court granted summary judgment in favor of DHS.  The district court first assumed arguendo that Hammett established a prima facie case of retaliation under Title VII.  But the court then concluded that Hammett failed to show that DHS's legitimate, non-retaliatory reasons for disciplining her -- including that Hammett left work several times without authorization, refused to follow supervisory instructions, and acted in an unprofessional and disrespectful manner towards her immediate supervisors -- were a pretext for discrimination.

Hammett sought relief pursuant to Rule 60(b)(6), alleging that the recent United States Supreme Court's decision in Staub v. Proctor Hospital, 131 S. Ct. 1186 (2011), constituted an intervening change in the law.[3]  The district court denied relief without an evidentiary hearing, concluding that nothing in Staub affected its original decision to grant summary judgment.  Hammett now challenges the denial of her Rule 60(b)(6) motion on appeal.[4]

---

[3] Hammett also sought relief under Rule 60(b)(1) based on alleged mistakes of fact and law. Because she does not raise that issue on appeal, she has abandoned it.  See N. Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211, 1217 n.4 (11th Cir. 2008) (stating that "issues not raised on appeal are abandoned").

[4] In her notice of appeal, Hammett also indicated that she was appealing from the district court's grant of summary judgment and the district court's denial of her Fed.R.Civ.P. 59 motion to alter or amend the district court's judgment.  Because Hammett has not offered any argument on these issues, however, they are abandoned.  See N. Am. Med. Corp., 522 F.3d at 1217 n.4. Moreover, in her appellate brief, Hammett states expressly that, pre-Staub, the district court's grant of summary judgment was correct.

3

We review the denial of a Rule 60(b)(6) motion for an abuse of discretion. Crapp v. City of Miami Beach Police Dep't, 242 F.3d 1017, 1019 (11th Cir. 2001). The grant or denial of Rule 60(b) relief is a matter for the district court's sound discretion and a district court's denial of a Rule 60(b) motion will not be overturned unless the appellant "demonstrate[s] a justification so compelling that the [district] court was required to vacate its order." See Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006).

Hammett fails to show that the district court abused its discretion in denying her relief. In Staub, the Supreme Court addressed an employer's liability under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 ("USERRA"), based on a cat's paw theory of discrimination. The Supreme Court's analysis focused on the causal connection between the non-decisionmaker's discriminatory animus and the ultimate employment decision.

Although Staub involved a cat's paw theory of discrimination -- as does Hammett's case -- Staub has no bearing on the district court's decision here, where the district court assumed arguendo that Hammett had satisfied the causal element

4

of her prima facie case of retaliation.[5]  The district court's analysis then hinged on a determination that Hammett had failed to show that DHS's legitimate, non-discriminatory reasons were pretextual.  Thus, even to the extent that Staub constituted an intervening change in the law -- and assuming, without deciding, that Staub applies to Title VII cases -- Staub had no impact on the outcome of Hammett's case.[6]  The district court committed no abuse of discretion in denying Hammett's Rule 60(b)(6) motion for relief.

AFFIRMED.

---

[5] Because of this assumption, the district court did not distinguish between Hammett's traditional and cat's paw claims.

[6] Because Staub was not pertinent to the outcome in this case, we need not address Hammett's arguments that the district court erred in stating that she lacked the causal evidence that was dispositive in Staub or in denying Hammett an evidentiary hearing.