[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14714
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cv-02059-JSM-TGW


GERALD PLEAS,

                                                      Plaintiff-Appellant,

versus

MANATEE COUNTY, et al.,

                                                      Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 8, 2013)

Before MARTIN, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

    Gerald Pleas seeks review of the district court's denial of his Rule 60(b)

motion for relief from judgment. Mr. Pleas' appeal brief does not explain how the

district court abused its discretion in denying his motion for relief from judgment, and because we find no such abuse of discretion, we affirm.

On September 20, 2007, a man dressed as a UPS delivery person forced his way into the home of Vickie Lynn Carpenter and attempted to rape her. After hearing a knock on the door, the perpetrator fled Ms. Carpenter's home. Mr. Pleas was detained and arrested after Ms. Carpenter picked him out of a photographic line-up and a separate witness placed Mr. Pleas in the area shortly before the incident. Mr. Pleas was charged with attempted sexual battery and burglary with a firearm. Following a verdict of not guilty, Mr. Pleas brought suit against Defendants Manatee County, Florida, Sheriff Brad Steube, Detective Sam Levita, and Deputy Jamie Wilder, claiming false arrest, the intentional infliction of emotional distress, and harassment.

On May 31, 2012, the district court dismissed Mr. Pleas' Second Amended Complaint with prejudice. After Mr. Pleas' motion for reconsideration was denied by the district court on August 4, 2012, Mr. Pleas filed a Motion for Relief from Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Four days later, the district court denied the motion. Mr. Pleas then filed this timely appeal of the district court's denial of his Rule 60(b) motion.

The standard of review for a denial of a motion for relief from judgment is whether the district court abused its discretion. *Gulf Coast Fans, Inc. v. Midwest*

2

*Elecs. Imps., Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984). The denial of a Rule 60(b) motion is, in itself, a final appealable order. *See id*. at 1507. Although Mr. Pleas' appeal brief attempts to raise arguments relating to the dismissal of his Second Amended Complaint, our review is restricted to those issues timely raised by Mr. Pleas' present appeal, that is, review of the district court's denial of his Rule 60(b) motion. *See id*.

In his motion for relief from judgment Mr. Pleas merely transcribed Rules 60(b), 60(c)(1), and 61 without providing any factual support or legal analysis to support the motion. At no point in his motion did Mr. Pleas attempt to argue that the district court improperly dismissed his Second Amended Complaint. Instead, Mr. Pleas states in a conclusory manner that "the facts of this case establishes [sic] a cause of action," and "[i]t is the plaintiffs [sic] view that the previous complaint for damages should be allowed to be filed in the interest of justice." Motion for Relief from Judgment, D.E. 46 at 2. In his brief on appeal, Mr. Pleas fails to even raise the issue of whether the district court abused its discretion in dismissing his motion for relief from judgment. Mr. Pleas, therefore, failed to demonstrate a justification so compelling that the district court was required to vacate its order. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006). As a result, we find that the district court properly denied Mr. Pleas' Rule 60(b) motion.

**AFFIRMED.**

3