[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-11693
Non-Argument Calendar

_____

D.C. Docket Nos. 1:92-cv-00383-SCJ; 1:92-cv-00388-SCJ


JACKIE RAY ROLLER,

Plaintiff-Appellant,

versus

STANLEY TUGGLE,
BILL LEMACKS,
D 6,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 22, 2016)

Before HULL, WILSON and WILLIAM PRYOR, Circuit Judges.

PER CURIAM:

Jackie Ray Roller, a Georgia state prisoner, appeals the denial of his ten motions to vacate. Fed. R. Civ. P. 60(b)(6). Roller moved to vacate judgments that dismissed ten civil actions he had filed between 1992 and 1997, at least four of which were dismissed as frivolous under the "three strikes" provision of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g). We affirm.

We review the denial of a motion for relief from a judgment for abuse of discretion. *Hartford Cas. Ins. Co. v. Crum & Forster Specialty Ins. Co.*, 828 F.3d 1331, 1333 (11th Cir. 2016). That standard requires that we affirm unless the district court applied an incorrect legal standard or made findings of fact that were clearly erroneous. *Id.* Roller's "burden on appeal is heavy." *See Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006). He must establish that his "circumstances are sufficiently extraordinary to warrant relief"; that is, he must have "a justification so compelling that the [district] court was required to vacate its [judgment]." *Id.* (internal quotation marks and citations omitted).

Roller challenges the denial of his motions on two grounds, both of which are foreclosed by *Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007). Roller argues that the Act cannot be applied retroactively to him, but *Rivera* holds that "federal courts may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon which relief may be granted prior to April 26, 1996,"

*id.* at 730. Roller also argues that section 1915(g) interferes with his right of access to the courts, in violation of the First Amendment, and denies him due process and equal protection, in violation of the Fifth and Fourteenth Amendments. As we concluded in *Rivera*, section 1915(g) does not impede a prisoner's access to the courts by requiring him to prepay filing fees, *id.* at 723–24; does not violate due process by revoking a prisoner's "privilege to proceed in forma pauperis" after he received "a full and fair opportunity to participate in at least three prior cases," *id.* at 727; and does not deny equal protection by requiring "frequent filer prisoner indigents" to pay their filing fees to "further the goal of curtailing abusive prison litigation," *id.* at 727–28. The district court did not abuse its discretion when it denied Roller's motions.

The district court also lacked authority to determine which of Roller's prior judgments count as strikes under the Act. "Article III of the Constitution limits the jurisdiction of the federal courts to actual 'cases' or 'controversies,'" and there is no "justiciable controversy" if a party is "asking for an advisory opinion." *Miller v. FCC*, 66 F.3d 1140, 1145 (11th Cir. 1995). The determination that Roller seeks can be made "[i]f and when" he is "appealing from a third-strike trial-court dismissal." *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1765 (2015).

We **AFFIRM** the denial of Roller's motions to vacate.