[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10401
Non-Argument Calendar
_____

D.C. Docket No. 3:14-cv-00326-MCR-CJK


AUTO-OWNERS INSURANCE COMPANY,

Plaintiff - Appellee,

versus

RALPH GAGE CONTRACTING, IINC., et al.,

Defendants.

RICHARD KJELLANDER, KRESLEY KJELLANDER,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 6, 2018)

Before MARCUS, FAY, and EDMONDSON, Circuit Judges.

PERCURIAM:

In this declaratory judgment action, Richard and Kresley Kjellander appeal the district court's denial of their motion for relief from final judgment, filed pursuant to Fed. R. Civ. P. 60(b).  This appeal is the Kjellanders' second appeal in this civil action; in an earlier appeal we affirmed the district court's grant of summary judgment in favor of Auto-Owners Insurance Company ("Auto-Owners").  See Auto-Owners Ins. Co. v. Ralph Gage Contracting Inc., 685 F. App'x 820 (11th Cir. 2017) ("Auto-Owners I").  No reversible error has been shown; we affirm.

Briefly stated, this civil action arises from an alleged negligent home inspection performed by Ralph Gage Contracting, Inc. ("Gage") on a home under contract for purchase by the Kjellanders.  After closing on the property, the Kjellanders discovered several property defects -- including water and mold damage and a faulty HVAC system -- not identified in Gage's inspection report. The Kjellanders filed a lawsuit against Gage in Florida state court, seeking damages of over $1.7 million for repair costs, diminution in value, and for loss of use.

2

At the time of the home inspection, Gage was insured under a Commercial General Liability insurance policy ("Policy") issued by Auto-Owners. Auto-Owners filed this declaratory judgment action, seeking a declaration that it owed no duty to defend or to indemnify Gage in the underlying suit. The district court granted summary judgment in favor of Auto-Owners.

In Auto-Owners I, we affirmed the district court's grant of summary judgment. In particular, we concluded that the Kjellanders had "failed to establish a causal connection between an occurrence -- Gage's negligence -- and the alleged property damage" as required to demonstrate coverage under the Policy. Auto-Owners I, 685 F. App'x at 823.

The Kjellanders later filed the Rule 60(b) motion at issue in this appeal. The Kjellanders contend they are entitled to Rule 60(b) relief based on newly-asserted allegations in their Fourth Amended Complaint filed in the underlying state court case against Gage. In particular, the Fourth Amended Complaint in state court includes allegations that Gage's negligent home inspection "directly caused some or all of the Conditions to worsen after Closing due to the continuous and repeated exposure of the Conditions to the weather, operation of the equipment at the Property and other elements, which caused damage to the Property and to

3

Plaintiffs." The Kjellanders say these new allegations change the district court's coverage analysis such that Rule 60(b) relief is warranted.

The district court denied the Kjellanders' motion. The district court first determined that the motion was not filed "within a reasonable time," as required by Rule 60(c).[*] In the alternative, the district court also denied the motion on the merits concluding that the Fourth Amended Complaint asserted no "significant factual changes" warranting relief under Rule 60(b)(5) and that no exceptional circumstances existed to warrant relief under Rule 60(b)(6).

We review the denial of a Rule 60(b) motion for an abuse of discretion. Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984). The decision about "whether to grant the requested relief is . . . a matter for the district court's sound discretion." Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006). That a grant of a Rule 60(b) motion "might have been permissible or warranted" is not enough; instead, the denial of the motion "must have been sufficiently unwarranted as to amount to an abuse of discretion." Id. In other words, a party seeking relief bears a heavy burden of demonstrating "a justification so compelling that the district court was required to vacate its order." Id. (alteration omitted).

---

[*] Because we conclude that the Kjellanders' Rule 60(b) motion was denied properly on the merits, we do not address the district court's alternative ruling on timeliness.

4

Rule 60(b)(5), in pertinent part, provides that a court may relieve a party from a final judgment if "applying [the judgment] is no longer equitable." Fed. R. Civ. P. 60(b)(5). Under Rule 60(b)(6) -- the "catchall provision" -- a court may relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). We have said that Rule 60(b)(6) relief "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin, 722 F.2d at 680. A party seeking relief under Rule 60(b)(6) "has the burden of showing that absent such relief, an 'extreme' and 'unexpected' hardship will result." Id.

The Kjellanders have failed to satisfy their burden of demonstrating that the district court abused its broad discretion in denying their Rule 60(b) motion. First, we agree with the district court's determination that the newly-asserted allegations in the Fourth Amended Complaint in state court constitute no "significant factual change" affecting the district court's coverage analysis. As we explained in Auto-Owners I, to establish coverage under the Policy, the Kjellanders must demonstrate a causal connection between Gage's negligent inspection and the "property damage." There, we concluded the Kjellanders failed to show that Gage's negligence itself caused physical damage to the property and, thus, that Auto-

Owners owed Gage no duty to defend or to indemnify in the underlying state court action.

The Kjellanders have now alleged that Gage's negligent inspection "caused" the property defects to worsen after closing. Even if we accept that Gage's failure to identify the pre-existing property defects resulted in a delay of repairs, that allegation still demonstrates no <u>causal connection</u> between the inspection and the ongoing property damage. The Kjellanders have asserted no allegation that Gage acted to change the nature of the exposure of the property defects to harmful conditions or to otherwise hasten the resulting property damage. Thus -- as the district court noted -- "the damages would have continued to worsen in the same manner due to the existence of the prior conditions regardless of whether Gage had discovered and disclosed them or not."

The Policy itself defines an "occurrence" as "an accident, <u>including continuous or repeated exposure to substantially the same general harmful conditions</u>." Gage's failure to identify the pre-existing and continuing conditions (which may or may not have triggered the repair of the property defects) simply constitutes no new "occurrence" under the Policy.

The Kjellanders also assert that, but for Gage's negligence, they would not have purchased the property and thus would not have personally suffered damages.

6

We have already rejected that argument for the reasons described in <u>Auto-Owners</u> <u>I</u>.

The Kjellanders have failed to demonstrate a "significant factual change" that would demand relief under Rule 60(b)(5).  Nor have they demonstrated "extraordinary circumstances" that would compel relief under Rule 60(b)(6).  The district court committed no abuse of discretion in denying the Kjellanders' Rule 60(b) motion for relief.

AFFIRMED.

7