[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14517
Non-Argument Calendar

_____

D.C. Docket No. 3:14-cv-01211-MMH-MCR

SIGITAS BRINKLYS,
AURELIJA CARUSO,

Plaintiffs-Appellants,

versus

JEH JOHNSON,
Secretary, Department of Homeland Security,
U.S. ATTORNEY GENERAL,
LEON RODRIGUEZ,
Director, Citizenship and Immigration Services,
JUAN P. OSUNA,
Director, Executive Office for Immigration Review,
SECRETARY JOHN F. KELLY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 17, 2018)

Before ED CARNES, Chief Judge, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Sigitas Brinklys and Aurelija Caruso appeal the district court's denial of their motion to vacate its earlier order granting summary judgment to the government.

I.

Aurelija Caruso and Raimondas Kalinauskas arrived in the United States as Lithuanian citizens in 2000 on visitor's visas with permission to stay for six months.[1]  They listed the same intended address on their visa applications.  In 2003 Aurelija married United States citizen Frank Caruso and, one month after that, Kalinauskas married United States citizen Luzmaria Martinez.[2]  Frank and Martinez both filed petitions seeking immigrant visas for their new spouses on the same day.  But Frank and Aurelija divorced before the United States Citizenship and Immigration Service (CIS) could make a decision about Frank's petition.

Aurelija married Sigitas Brinklys in 2007, two months after divorcing Frank. A few months later, Brinklys, like Frank, filed a petition seeking an immigrant visa for Aurelija.  The CIS reviewed Brinklys' petition and issued him a notice stating

---

[1] We previously set forth the facts of this case in our decision affirming the district court's grant of summary judgment to the government, see Brinklys v. Sec'y, Dep't of Homeland Sec., 702 F. App'x 856 (11th Cir. 2017) (unpublished), so we will recount only the facts essential to this appeal.

[2] We will refer to Aurejlia Caruso and Frank Caruso by their first names because the two share the same last name.

2

that it intended to deny his petition based on its finding that Aurelija married Frank in 2003 to evade immigration laws.

In its notice the CIS explained how it arrived at that finding. During their 2005 interview with the CIS, for example, Aurelija and Frank had claimed that they lived together in Plainfield, Illinois and presented identification cards reflecting the same address. Frank's card, however, was issued only three days before the interview. The same year Frank's mother told United States Immigrations and Customs Enforcement investigators that Frank was unmarried and that he lived in an apartment in Carol Stream, Illinois, which his lease agreement verified. The CIS pointed to property records showing that Aurelija and Kalinauskas purchased the Plainfield property as husband and wife with ownership rights as joint tenants. It also noted that Martinez, Kalinauskas' wife and a United States citizen, admitted that her marriage to Kalinauskas was a sham and that Aurelija offered to pay her up to $10,000 to attend Kalinauskas' CIS interview with him. And the CIS recounted certain incriminating details contained in arrest reports of Kalinauskas and Frank. When law enforcement officers arrested Kalinauskas at the Plainfield property, he told them that he lived there with Aurelija. And when officers arrested Frank for driving under the influence, he listed the Carol Stream address as his residence.

3

The CIS denied Brinklys' petition, a decision that the Board of Immigration Appeals affirmed.  Brinklys then sued the government but the district court granted summary judgment to it.[3]  We affirmed.  See Brinklys v. Sec'y, Dep't of Homeland Sec., 702 F. App'x 856 (11th Cir. 2017) (unpublished).

After that Brinklys filed a motion with the district court requesting that it vacate under Federal Rule of Civil Procedure 60(b) its order granting summary judgment.  He did so after obtaining copies of Kalinauskas' and Frank's arrest reports and discovering that the administrative record that the government submitted before moving for summary judgment was missing certain documents, including reference letters and administrative forms.  Despite receiving those documents about five years earlier under a Freedom of Information Act request, Brinklys did not supplement the record with them or object to their absence from the record before the district court granted summary judgment.  The district court denied Brinklys' motion.  This is his appeal.

## II.

Brinklys contends that the district court abused its discretion in denying his motion to vacate.  He argues that because he presented newly discovered evidence — the arrest reports and missing documents — that would have produced

---

[3] Both Brinklys and Aurelija sued the government, though for ease of reference we will collectively refer to them as Brinklys unless context makes it necessary to mention them individually.

a different result, the district court should have vacated its order under Rule 60(b)(2). He also argues that the district court should have vacated its order under Rule 60(b)(3) because the government misrepresented the evidence in, and withheld evidence from, the administrative record that it submitted to the court.

We review only for abuse of discretion a district court's denial of a Rule 60(b) motion to vacate. Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006). To demonstrate that the district court abused its discretion in denying a Rule 60(b) motion, the movant "must provide a justification so compelling that the district court was required to vacate its order." Id. (quotation marks and brackets omitted).

## A.

Brinklys first argues that the district court abused its discretion in denying his motion to vacate under Rule 60(b)(2) because he presented newly discovered evidence that would have produced a different result. We disagree.

Rule 60(b)(2) provides that a district court may vacate an order if the movant presents "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial." Fed. R. Civ. P. 60(b)(2). The movant must show, among other things, that the newly discovered evidence "would probably produce a new result." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1316 (11th Cir. 2000). A motion to vacate based on newly discovered

evidence "is an extraordinary motion." Scutieri v. Paige, 808 F.2d 785, 793 (11th Cir. 1987).

Even if we view the arrest reports and missing documents as newly discovered evidence within the meaning of Rule 60(b)(2), they would not produce a new result in light of the other evidence in the record. Aurelija and Kalinauskas listed the same intended address on their visa applications. Their spouses filed petitions seeking immigrant visas on their behalf on the same day. Contrary to Aurelija and Frank's claim that they lived together in Plainfield, Illinois, Frank's mother stated that he was unmarried and that, as his lease agreement confirms, he lived in an apartment in Carol Stream, Illinois. And so on. "The outcome of this case would . . . not be changed because of" the arrest reports and missing documents. See id. at 794.

## B.

Brinklys next argues that the district court abused its discretion in denying his motion to vacate under Rule 60(b)(3) because the government misrepresented the contents of the arrest reports and withheld documents from the administrative record, which required the district court to vacate its order. We reject that argument.

A district court may vacate an order under Rule 60(b)(3) if the movant proves by clear and convincing evidence that the adverse party engaged in fraud,

6

misrepresentation, or misconduct. See Fed. R. Civ. P. 60(b)(3); Frederick v. Kirby Tankships, Inc., 205 F.3d 1277, 1287 (11th Cir. 2000). The movant "must also show that the conduct prevented the losing party from fully and fairly presenting his case or defense." Frederick, 205 F.3d at 1287.

Brinklys has not shown that the government's purported misrepresentations of the arrest reports or withholding of documents prevented him from fully and fairly presenting his case. The government did not prevent him from obtaining the arrest reports, which he could have done before — and which he did after — the district court granted summary judgment to the government. And the government did not prevent him from obtaining the documents missing from the administrative record. Instead, the government provided those documents to Brinklys after he filed a Freedom of Information Act request nearly five years before the district court granted summary judgment to the government. It was Brinklys' "decision, not fraud by Defendants, that prevented [him] from fully presenting" his case. Waddell v. Hendry Cty. Sheriff's Office, 329 F.3d 1300, 1310 (11th Cir. 2003).[4]

**AFFIRMED.**

---

[4] We also reject Brinklys' argument that the district court abused its discretion in denying his motion to vacate under Rule 60(b)(5) because it was inequitable for the court to give its order prospective application. It is equitable to prospectively apply an order when, as here, there is no "significant change either in factual conditions or in law." Horne v. Flores, 557 U.S. 433, 447, 129 S. Ct. 2579, 2593 (2009) (quotation marks omitted). And we reject Brinklys' argument that that the district court abused its discretion in denying his motion to vacate under Rule 60(b)(6) because justice required it to do so. Brinklys has failed to point to a "sufficiently extraordinary [circumstance] to warrant" Rule 60(b)(6) relief. Cano, 435 F.3d at 1342 (quotation marks omitted).