[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10290
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-02846-MAP

CELESTE L. GUICE,

Plaintiff-Appellant,

versus

POSTMASTER GENERAL, U.S. POSTAL SERVICE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 13, 2018)

Before BRANCH, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

Celeste Guice, proceeding pro se,[1] filed this employment discrimination action against her former employer, the Postmaster General of the United States Postal Service. In this appeal, Guice challenges the district court's denial of her motion to vacate -- pursuant to Fed. R. Civ. P. 60(b) -- all orders entered by the district court after 16 November 2016. No reversible error has been shown; we affirm.

This case has a lengthy procedural history, including two earlier proceedings in this Court.[2] On 26 December 2017, Guice filed the motion to vacate at issue in this appeal. Guice argued that the district court's orders entered after 16 November 2016 -- including an order granting summary judgment for the Postmaster General -- violated the Full Faith and Credit Clause, the Equal Protection Clause, and the Double Jeopardy Clause and were barred by the doctrines of res judicata and collateral estoppel. Briefly stated, Guice argued that

---

[1] We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1989).

[2] See In re: Guice, No. 16-17706 (11th Cir. April 3, 2017) (denying as frivolous Guice's petition for a writ of mandamus directing the district court to vacate all orders entered after 15 November 2016 and to enter default judgment against the Postmaster General); Guice v. Postmaster General, U.S. Postal Serv., No. 17-14161 (11th Cir. Oct. 24, 2017) (dismissing for lack of jurisdiction Guice's appeal from an earlier order denying Guice's motion to vacate all orders entered after 21 October 2016).

2

an entry of default judgment was warranted because the Postmaster General responded to her amended complaint with a motion to dismiss instead of by filing an answer. Guice also argued that the Postmaster General was barred by res judicata and collateral estoppel from disputing her employment discrimination claims because the district court had earlier denied the Postmaster General's motion to dismiss Guice's original complaint.

The district court denied the motion to vacate. The district court explained that Guice merely rehashed arguments that had already been addressed repeatedly by the district court and pointed out that a Rule 60(b) motion was no substitute for an appeal or a motion for reconsideration of the court's earlier orders.

We review a district court's denial of a motion to vacate under Fed. R. Civ. P. 60(b) for abuse of discretion. Cano v. Baker, 435 F.3d 1337, 1342 (11th Cir. 2006). Review is narrow, and the movant bears a heavy burden on appeal. Id. That a grant of the Rule 60(b) motion might have been permissible or warranted is not enough; rather, the decision to deny the motion must have been sufficiently unwarranted as to amount to an abuse of discretion. Id. In other words, a movant must provide a justification so compelling that the district court was required to vacate its order. Id.

3

The district court abused no discretion in denying Guice's motion to vacate. The district court determined properly that no default judgment was warranted: the Postmaster General's timely-filed motion to dismiss qualified as a responsive pleading to Guice's amended complaint. See Fed. R. Civ. P. 55(a) (entry of default is proper only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ."). Moreover, the district court's denial without prejudice of the Postmaster General's earlier motion to dismiss Guice's original complaint was no final adjudication on the merits for purposes of triggering res judicata. See Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003) ("A dismissal without prejudice is not an adjudication on the merits and thus does not have a res judicata effect."). Thus, nothing precluded the Postmaster General from reasserting -- in its second motion to dismiss -- the same arguments raised in its first motion.

In her brief on appeal, Guice now argues that this Court -- based on a 9 March 2018 order issued by the Equal Employment Opportunity Commission ("EEOC") in McConnell v. U.S. Postal Serv., EEOC Case No. 520-2010-00280X (the "McConnell Order") -- should vacate, remand, and hold in abeyance the district court's orders in this case. In the McConnell Order, the EEOC denied a motion for reconsideration of its decision concluding that the Postmaster General

4

had violated the Rehabilitation Act by subjecting disabled limited-duty employees to disparate treatment and by withdrawing their reasonable accommodations.

Guice says she qualifies as a class member under McConnell and asks this Court to take judicial notice of the McConnell Order. We may take judicial notice of the McConnell Order "only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject-matter of the litigation." See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994). We may not, however, judicially notice the McConnell Order as establishing "the truth of the matters asserted in the other litigation." See id.

Nothing in the McConnell Order affects our decision about the issue in this appeal: whether the district court denied properly Guice's motion to vacate. That Guice might qualify as a class member under McConnell is insufficient to warrant the vacatur and remand of the district court's orders in this case.

AFFIRMED.

5