[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13020
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cv-22211-UU

CARL ERICKSON,

Plaintiff-Appellant,

versus

RALPH WILLIAM CONFREDA, JR.,
in his personal capacity and as legal counsel for
U.S. Bank National Association,
TERRANCE WAYNE ANDERSON, in his personal capacity and as legal counsel
for
JP Morgan Chase Bank,
KENNETH ERIC TRENT, in his personal capacity and as President of
Kenneth Eric Trent, P.A.,
ALAN WASERSTEIN, in his personal capacity and as
Agent/Officer/Bidder for JAB Services, LLC,
CARY ALAN LUBETSKY, in his personal capacity and as legal counsel
for JAB Services, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 19, 2020)

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Carl Erickson, proceeding *pro se*, appeals the district court's denial of his

Federal Rule of Civil Procedure 60(b) motion[1] for relief from a previous order

dismissing without prejudice his civil complaint for failure to state a claim.  He

argues that the district court abused its discretion in denying his motion because

the court ignored judicial conflicts of interest and newly discovered evidence

which demonstrated that the complained of actions related to the foreclosure of

Erickson's home were illegal.

_____

[1] Rule 60(b) provides that a court may relieve a party from a final judgment or order for
the following reasons:
  (1)    mistake, inadvertence, surprise, or excusable neglect;
  (2)    newly discovered evidence that, with reasonable diligence, could not have
  been discovered in time to move for a new trial under Rule 59(b);
  (3)    fraud (whether previously called intrinsic or extrinsic), misrepresentation,
  or misconduct by an opposing party;
  (4)    the judgment is void;
  (5)    the judgment has been satisfied, released or discharged; it is based on an
  earlier judgment that has been reversed or vacated; or applying it prospectively is
  no longer equitable; or
  (6)    any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A Rule 60(b) motion generally "must be made within a reasonable time"
and, for motions brought under subsections (1), (2), and (3), within one year after the entry of the
judgment.  *See* Fed. R. Civ. P. 60(c).

In 2018, Erickson filed a *pro se* civil complaint against multiple banks and individuals associated with those banks, asserting a variety of civil and criminal violations related to the foreclosure of Erickson's home. The district court dismissed the complaint without prejudice for failure to state a claim, noting that it was an impermissible shotgun pleading. Almost a year later, Erickson filed a Rule 60(b) motion, seeking to reopen the action based on alleged newly discovered evidence, judicial misconduct/conflict of interest, and "fraudulent grounds." Erickson also requested that the district court judge that dismissed the complaint recuse himself due to an alleged conflict of interest. The judge recused himself, and the Rule 60(b) motion was assigned to a new judge. The district court then denied the Rule 60(b) motion, concluding that Erickson had not met his burden of demonstrating the case should be reopened. Furthermore, the presiding judge noted that she agreed with the prior decision to dismiss the complaint without prejudice for failure to state a claim, as the complaint "was largely incomprehensible, contained rhetorical questions, and sought to enforce criminal statutes." This appeal followed.[2]

---

[2] We previously dismissed for lack of jurisdiction the portion of this appeal challenging the district court's order dismissing the complaint without prejudice. Thus, the only appealable order before this Court is the order denying Erickson's Rule 60(b) motion.

3

We review the denial of a Rule 60(b) motion for an abuse of discretion.  *See Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).  Thus, Erickson bears a heavy burden on appeal and in order to show that the district court abused its discretion, he "must demonstrate a justification so compelling that the district court was required to vacate its order."  *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (alteration adopted) (quoting *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)).

Erickson has failed to satisfy his burden of demonstrating that the district court abused its discretion when it denied his motion.  Although he asserts that the district court ignored newly discovered evidence, he failed to present any new evidence to the district court.[3]  To the extent Erickson alleges that his motion should have been granted due to the alleged conflict of interest the initial judge had when he dismissed the complaint without prejudice, the judge that presided over the Rule 60(b) motion also agreed that the complaint was properly dismissed for failure to state a claim because it was largely incomprehensible.  Notably, because the dismissal was without prejudice, Erickson is free to correct the deficiencies and

---

[3] To the extent that Erickson attempted to submit such evidence to this Court as exhibits attached to his reply brief, we do not consider those documents as they are outside the record and Erickson did not move to supplement the record.  *See United States v. Bosby*, 675 F.2d 1174, 1181 n.9 (11th Cir. 1982) (declining to consider an affidavit attached to a party's brief because "[g]enerally, appellate courts will not consider matters outside the record," and the party had not moved to supplement the record).

attempt to raise his claims in another complaint. Accordingly, the district court did

not abuse its discretion in denying the Rule 60(b) motion, and we affirm.[4]

**AFFIRMED.**

---

[4] We also note that although Erickson referenced Rule 60(b)(1) and (3) in his motion, he never made any argument related to the grounds set forth in subsection (1), and he failed to show that the order dismissing his complaint without prejudice was obtained through fraud, misrepresentation, or misconduct by the defendants for purposes of subsection (3). Accordingly, the district court did not abuse its discretion by denying his request for relief under those subsections.