[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10296

Non-Argument Calendar

_____

THOMAS A. BAYNE, JR.,

Plaintiff-Appellant,

*versus*

SHELLY SLATE WATERS,
Honorable,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 5:23-cv-00635-LCB

_____

Before JORDAN, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Thomas Bayne, proceeding *pro se*, appeals the district court's order denying his motion for reconsideration of the dismissal of his case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Bayne alleges Judge Shelly Waters waived her absolute immunity by violating his Fourteenth Amendment due process and equal protection rights, acting maliciously, and committing criminal acts while presiding over Bayne's child custody proceedings and while asserting continuing jurisdiction in a Colorado court proceeding. After review,[1] we affirm.

Federal Rule of Civil Procedure 60(b) provides the court may relieve a party from a final judgment in certain circumstances. Fed. R. Civ. P. 60(b). "[A] Rule 60(b) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Terrell v. Sec'y Dep't of Veterans Affs.*, 98 F.4th 1343, 1357 (11th Cir. 2024) (quotation marks omitted). Thus, "[a]n appeal of a ruling on a Rule 60(b) motion . . . is narrow in scope, addressing only the propriety of the denial or grant of relief and does not raise issues in the underlying judgment for review." *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999).

---

[1] Whether a judge is entitled to absolute judicial immunity is a question of law that we review *de novo*. *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017).

"A judge enjoys absolute immunity from suit for judicial acts performed within the jurisdiction of [her] court." *McCullough v. Finley*, 907 F.3d 1324, 1330 (11th Cir. 2018). In addition, judicial immunity extends to state court judges, even when judges are sued in their individual capacities. *Stevens v. Osuna*, 877 F.3d 1293, 1301-02 (11th Cir. 2017); *see Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (holding the district court erred when it awarded damages against a judge in his individual capacity, as the judge was entitled to absolute judicial immunity). When deciding if a judge can invoke absolute judicial immunity for a particular act, we ask whether the judge acted in her judicial capacity. *McCullough,* 907 F.3d at 1330. Instead of assessing the motivation behind a judge's acts, we determine whether the nature and functions of the alleged acts are judicial by considering four factors:

> (1) the precise act complained of is a normal judicial function; (2) the events involved occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the confrontation arose directly and immediately out of a visit to the judge in his official capacity.

*Id.* at 1331 (quoting *Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985) (*en banc*)). This immunity applies even when the judge's conduct was in error, malicious, or in excess of her jurisdiction, and will only be lost when a judge acts in "clear absence of all jurisdiction." *Stevens*, 877 F.3d at 1301, 1304. However, a judge acting in "clear absence of all jurisdiction" is a rare circumstance and occurs

only when she lacks subject matter jurisdiction. *McCullough*, 907 F.3d at 1332.

The district court did not abuse its discretion in denying Bayne's motion for reconsideration of its dismissal of his case under 28 U.S.C. § 1915(e)(2)(B) on the grounds of judicial immunity. *See Terrell*, 98 F.4th at 1351 (reviewing the "district court's denial of a Rule 60(b) motion for abuse of discretion"). The actions that formed the basis of Bayne's claims fall squarely within Judge Waters' judicial capacity, as they concern the "normal judicial function[s]" of issuing orders, resolving motions, and exercising original and continuing jurisdiction. *See McCullough*, 907 F.3d at 1330-31. In particular, Bayne asserts Judge Waters committed perjury before a Colorado court by asserting she had jurisdiction over Bayne's child custody case, and "committed three (3) crimes from [her] bench without a thought of ethical violation." All of Judge Waters' alleged actions concern her conduct while presiding or asserting jurisdiction over Bayne's child custody case. *See id.*

Further, Alabama law empowered Judge Waters to exercise original jurisdiction, maintain continuing jurisdiction to modify and enforce judgments, and issue contempt orders concerning Bayne's child custody matters. Alabama law grants juvenile court judges "exclusive original jurisdiction of juvenile court proceedings in which a child is alleged . . . to be dependent[ ] or to be in need of supervision." Ala. Stat. § 12-15-114. Alabama juvenile court judges also possess continuing jurisdiction to modify and enforce judgments. *Id.* § 12-15-117.1. In addition, these judges have the power

24-10296            Opinion of the Court            5

to "issue all writs and processes necessary to the exercise of its jurisdiction" and "punish a person for contempt of court for disobeying an order of the juvenile court." *Id.* § 12-15-103; § 12-15-110. As these statutes granted Judge Waters appropriate jurisdictional power over Bayne's child custody matters, Waters did not act in "clear absence of all jurisdiction." *See Stevens*, 877 F.3d at 1304. Accordingly, Bayne has not met his heavy burden to "demonstrate a justification so compelling that the district court was required to vacate its order." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quotation marks omitted).

**AFFIRMED.**