[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-13301

Non-Argument Calendar

_____

ALI AMIRI,

Plaintiff-Appellant,

*versus*

ARUNAVA GUPTA,
Associate Director (of the MINT), et al.,

Defendants,

UNIVERSITY OF ALABAMA, THE,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:18-cv-00425-RDP

————————————

Before ROSENBAUM, GRANT, and MARCUS, Circuit Judges.

PER CURIAM:

Ali Amiri appeals *pro se* the district court's denial of his motion to reopen, under Federal Rule of Civil Procedure 60 ("Rule 60"), his 42 U.S.C. § 1983 suit against the University of Alabama. His complaint alleged that the University deprived him of procedural due process in violation of § 1983 when it dismissed him from its physics Ph.D. program without a formal hearing or notice that dismissal procedures had begun. The district court granted summary judgment in favor of the University, finding that Eleventh Amendment immunity barred Amiri's suit. Amiri later filed a motion to reopen his case pursuant to Rule 60, which the district court denied. On appeal, Amiri's brief -- liberally construed -- argues the merits of his §1983 claim and alleges wrongdoing against the University and its professors. After careful review, we affirm.

We review the denial of a Rule 60 motion for abuse of discretion. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008). We will not disturb a district court's decision on abuse of discretion review if it falls within a range of

permissible choices and was not influenced by a mistake of law. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006). The denial of a Rule 60 motion will be affirmed unless the appellant offers "a justification for relief so compelling that the district court was required to grant [the] motion." *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (quotation marks omitted). The scope of review is narrow, addressing only the propriety of the denial of relief, and does not extend to the underlying judgment. *Id.*

Relevant here, Rule 60(b) provides three grounds upon which a party may obtain relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud, misrepresentation, or misconduct by an opposing party; or (3) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (3), (6). A Rule 60(b) motion must be made within a reasonable time, and for reasons (1) and (3), no more than a year after the entry of the judgment or order. *Id.* at 60(c)(1). A motion under Rule 60 based on "any other reason that justifies relief" must show extraordinary circumstances justifying the reopening of a final judgment. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006). But even if extraordinary circumstances are shown, the decision of whether to grant the requested relief is a matter for the district court's sound discretion. *Id.*

*Pro se* pleadings are held to a less stringent standard than pleadings filed by lawyers, and thus are construed liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Federal courts may ignore the label that a *pro se* litigant attaches

to a motion and place it within a different legal category in order to create a better correspondence between the substance of the motion and its underlying legal basis. *Castro v. United States*, 540 U.S. 375, 381–82 (2003). But we only have jurisdiction to review the judgments, orders, or portions thereof which are specified in an appellant's notice of appeal. *See Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987) ("The general rule in this circuit is that an appellate court has jurisdiction to review only those judgments, orders or portions thereof which are specified in an appellant's notice of appeal . . . . [W]here some . . . orders are expressly made a part of the appeal, we must infer that the appellant did not intend to appeal other unmentioned orders or judgments."); *see also Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011) (explaining that when the appellant listed a specific order in his *pro se* notice of appeal, we lacked jurisdiction to review claims that were dismissed in an earlier unnamed order).

We begin by noting that Amiri's notice of appeal only specifies the order denying his Rule 60 motion to reopen, and does not identify the underlying order of the district court that granted summary judgment in favor the University. However, the arguments in Amiri's brief on appeal concern the merits of his § 1983 claim, the applicability of Eleventh Amendment immunity, and the district court's allegedly erroneous factual findings -- all of which pertain only to the district court's underlying ruling on summary judgment. Because we lack jurisdiction to consider any order other than the Rule 60 order that Amiri specified in his notice of appeal,

21-13301                Opinion of the Court                    5

his arguments concerning the underlying judgment are outside our scope of review. *See Osterneck*, 825 F.2d at 1528.

We do, however, have jurisdiction to review the district court's denial of Amiri's Rule 60 motion. But even construing his filings liberally, we conclude that the district court did not abuse its discretion in refusing to reopen the judgment. *See Tannenbaum*, 148 F.3d at 1263. The arguments in Amiri's motion concerned his inability to attend trial and pay his docketing fees and the University's alleged wrongdoing, which sound in "excusable neglect" and "fraud . . . , misrepresentation, or misconduct by an opposing party," pursuant to Rule 60(b)(1) and (3). And Amiri's motion was time barred under either subsection because the district court granted summary judgment 18 months prior, and motions pursuant Rule 60(b) (1) and (3) must be made "no more than a year after the entry of the judgment or order." *See* Fed. R. Civ. P. 60(c)(1).

Likewise, Amiri's motion fails under the catchall that allows the reopening of a judgment for "any other reason that justifies relief," because he failed to demonstrate the existence of exceptional circumstances. *See* Fed. R. Civ. P. 60(b)(6); *Cano*, 435 F.3d at 1342. Indeed, none of the reasons Amiri gave in support of his motion -- including the University's alleged wrongdoing or his ability to pay docketing fees and attend trial -- were relevant to the court's decision that Eleventh Amendment immunity barred his suit. As a result, Amiri failed to justify the relief that he sought, and the district court did not abuse its discretion in denying his motion.

**AFFIRMED.**